

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
WASHINGTON, D.C.  20460

MAY 3 1 2013

OFFICE OF
GENERAL COUNSEL

Mr. P. Clayton Eubanks
Deputy Solicitor General
Office of Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105

Re:    Freedom of Information Act Appeal No. EPA-HQ-2013-004583 (Request No. EPA-HQ-2013-003886)

Dear Mr. Eubanks:

I am responding to your March 15, 2013 fee waiver appeal under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  You appealed the February 22, 2013 decision of Larry Gottesman of the U.S. Environmental Protection Agency ("EPA" or "Agency") to deny your request for a fee waiver ("initial fee waiver denial").  You seek a waiver of all fees associated with your FOIA request for documents related to consideration, proposal, or discussion of three subjects related to the Clean Air Act ("CAA") with non-governmental organizations whose purpose may include environmental or natural resource advocacy and policy.  You requested a waiver of all fees associated with processing your request, and stated you were willing to pay $5.00 (five dollars) in the event your fee waiver was denied.

On February 22, 2013, Mr. Gottesman, the EPA's National FOIA Officer, denied your request for a fee waiver finding that you had failed to express specific intent to disseminate the information to the general public, thus failing to demonstrate that your request is likely to contribute to public understanding of a reasonably broad audience of persons interested in the subject matter.

I have carefully considered your request for a fee waiver, EPA's initial fee waiver denial, and your appeal.  For the reasons set forth below, I have concluded that you do not have a proper request pending before the Agency, and therefore your appeal of the denial of a waiver of fees is moot.

**Analysis**

In reviewing your February 6, 2013 FOIA request in order to process your fee waiver appeal, this office has determined that your initial request fails to adequately describe the records sought, as required by the FOIA and by EPA's regulations. 5 U.S.C. § 552(a)(3); 40 C.F.R. § 2.102(c).  You seek records "which discuss or in any way relate to" any "consideration, proposal,

EXHIBIT
tabbies
4

Mr. P. Clayton Eubanks
EPA-HQ-2013-004583
Page 2 of 7

or discussion with" "Interested Organizations" or any "Other Organizations" on three broad topics related to the Clean Air Act. Request at 1. At least one category of your request (records described in paragraph (a)(i)) is almost identical to a request that was previously denied by EPA as improper on September 14, 2012. While you have tailored the subject matter of the next two categories of records you are seeking ((a)(ii) and (a)(iii)) by focusing only on Regional Haze State Implementation Plans ("SIPs"), you have not provided enough information to permit an employee reasonably familiar with the subject matter to identify the records you are seeking. This is because despite reducing the provided list of "Interested Organizations" from eighty to seventeen, you are still requesting documents related to any communication between EPA and "Other Organizations" which you broadly define as "any other non-governmental organization, including citizen organizations whose purpose or interest may include environmental or natural resource advocacy and policy." Request at 1. This qualifying statement about requesting records from "Other Organizations" effectively re-incorporates the sixty-three excluded organization from the list in your original request, as well as numerous other unnamed organizations, and would require EPA staff to also search for and determine the organizational mission of any 3rd party that may have had a communication with the Agency on topics under the CAA. Broad, sweeping requests lacking specificity are not sufficient. American Fed. of Gov't Employees v. Dep't of Commerce, 632 F.Supp. 1272, 1277 (D.D.C.1986). Additionally, requests for documents which "refer or relate to" a subject are routinely "subject to criticism as overbroad since life, like law, is 'a seamless web,' and all documents 'relate' to all others in some remote fashion." Massachusetts v. Dep't of Health & Human Servs., 727 F.Supp. 35, 36 n.2 (D.Mass 1989).

Additionally, paragraph (b) of your request is nearly identical to the request previously denied by EPA as an improper request on September 14, 2012. Instead of requesting "all documents" that in any way relate to the three broad categories of your request from every single headquarters and regional EPA office, you have requested records from sixteen different offices instead of twenty-one. Request at 2-3. You are requesting all documents sent or received by staff in sixteen EPA offices on three general subjects, for a period of almost four and a half years. Such "all documents" requests have been found by courts to be improper. See, Dale v. IRS, 238 F.Supp 2d 99, 104 (D.D.C. 2002); Mason v. Callaway, 554 F.2d 129, 131 (4th Cir.1977). By way of comparison, a recent District of Columbia decision found that a similar request that amounted to a request for all internal emails of 25 individuals over a two year period failed to reasonably describe the records sought, and was unreasonably burdensome. Hainey v. U.S. Dep't of Interior, No. 11-1725 (2013 WL 659090 (D.D.C.)). The court found that the burden of amassing this volume of information, in addition to the time needed to review the records, conflicted with settled case law that "an agency need not honor a [FOIA] request that requires 'an unreasonably burdensome search'" and that "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors." Id. At *8-9 (internal citations omitted).

For the reasons stated above, I have determined that your request does not reasonably identify the records you are seeking. Because this is your second attempt at submitting a properly formulated request, I will take this opportunity to indicate how your request might be modified to reasonably identify the records you are seeking. In order to reasonably identify the records you are seeking, you should identify the records with particular specificity. EPA regulations state that "whenever possible you should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter" and also that "[t]he more specific you are about the records or type of records you want, the more likely EPA will be able to identify and locate records responsive to your request." 40 C.F.R. § 2.103(c). Often this is accomplished by providing key words which employees may use to easily search for and determine if there are responsive records. For example, should you limit your request to records communicating with any *specifically identified* organization AND referencing settlement relating to the three subject areas you identify, your request would enable EPA staff familiar with the subject area to search for and locate any responsive records.

Because I have determined that you do not have a proper request pending before the Agency, your appeal of EPA's initial denial of a fee waiver for your request is moot, and I am closing your appeal file. Although I need not address the merits of your fee waiver request and appeal at this time, I have included the following discussion in order to assist you in submitting any properly formulated request for records and a waiver of fees.

### Fee Waiver Discussion

The statutory standard for evaluating fee waiver requests is whether "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the [Federal] government; and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

EPA's regulations at 40 C.F.R. § 2.107(l)(2) and (3) establish the same standard. EPA must consider four conditions to determine whether a request is in the public interest: (1) whether the subject of the requested records concerns the operations or activities of the Federal government; (2) whether the disclosure is likely to contribute to an understanding of government operations or activities; (3) whether the disclosure is likely to contribute to public understanding of a reasonably broad audience of persons interested in the subject matter; and (4) whether the disclosure is likely to contribute significantly to public understanding of government operations or activities. 40 C.F.R. § 2.107(l)(2). EPA must consider two conditions to determine whether a request is primarily in the commercial interest of the requester: (1) whether the requester has a commercial interest that would be furthered by the requested documents; and (2) whether any such commercial interest outweighs the public interest in disclosure. 40 C.F.R. § 2.107(l)(3).

Finally, the Agency considers fee waiver requests on a case-by-case basis. Judicial Watch, Inc. v. DOJ, 185 F. Supp. 2d 54, 60 (D.D.C. 2002). Whether a requester may have

Mr. P. Clayton Eubanks
EPA-HQ-2013-004583
Page 4 of 7

received a fee waiver in the past is not relevant for a subsequent request.

**Public Interest Prong of the Fee Waiver Test**

     A requester seeking a fee waiver bears the burden of showing that the disclosure of the responsive documents is in the public interest and is not primarily in the requester's commercial interest. See Judicial Watch, Inc., 185 F. Supp. 2d at 60; Larson v. CIA, 843 F. 2d 1481, 1483 (D.C. Cir. 1988). Conclusory statements or mere allegations that the disclosure of the requested documents will serve the public interest are not sufficient to meet the burden. See McClellan Ecological Seepage Situation, 835 F.2d at 1285; Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003). The requester must therefore explain with reasonable specificity how disclosure of the requested information is in the public interest by demonstrating how such disclosure is likely to contribute significantly to public understanding of government operations or activities. Larson, 843 F.2d at 1483. Furthermore, if the circumstances surrounding this request (e.g., the content of the request, the type of requester, the purpose for which the request is made, the requester's ability to disseminate the information to the public) clarify the point of the request, the requester must set forth these circumstances. See Larson, 843 F.2d at 1483.

     **Elements 2 and 4**

     I will discuss the second and fourth factors of the public interest prong at the same time. The second factor to consider is the informative value of the documents to be disclosed. 40 C.F.R. § 2.107(l)(2)(ii). The requested documents must be "meaningfully informative about government operations or activities in order to be 'likely to contribute' to an increased public understanding of those operations or activities." 40 C.F.R. § 2.107(l)(2)(ii). The disclosure of information already in the public domain would have no informative value since it would not add to the public's understanding of government. Id. The fourth factor to consider is how the disclosure of the requested records is likely to contribute "significantly" to public understanding of government operations or activities. 40 C.F.R. § 2.107(l)(2)(iv). Disclosure of the information should significantly enhance the public's understanding of the subject in question as compared to the level of public understanding prior to disclosure. Id.

     In support of your request, you generally state that "[t]he requested documents are sought in order to more clearly illuminate the operations and activities of EPA. As such, release of the requested documents will significantly contribute to public understanding and oversight of the EPA's operations, particularly regarding the quality of the EPA's activities and the efficacy of both Congressional directives and EPA policies and regulations relating to the Requesting States." Request at 4. You also state that "disclosure 'is likely to contribute' to an understanding of government operations or activities'" and "disclosure is likely to contribute 'significantly' to public understanding of government operations and activities" (repeating the regulatory

Mr. P. Clayton Eubanks
EPA-HQ-2013-004583
Page 5 of 7

standard). Request at 5. These general statements are typically insufficient to support a waiver of fees . Judicial Watch Inc. v. DOJ, 185 F.Supp 2d 54, 61-62 (D.D.C. 2002). You also state that "the public currently has no access to the requested Subject information," however information about the Clean Air Act, Regional Haze, and the public comment process around negotiated settlements is available on the Agency's program website[1] as well as on the websites of the Regional Planning Organizations' and States' sites. Request at 8; Appeal at 7.

Your less generalized statements in support of factors two and four also fail to demonstrate that your request satisfies the standard established by these elements. You state that your request seeks "information that will result in understanding EPA's interactions with non-governmental advocacy groups and how those interactions influence how EPA sets policy that affects the public interest," that will help "understand and make public EPA's decision-making process in negotiating and entering into litigation settlements," and will educate the public on "the importance of cooperative federalism and why the States should continue to have the lead role in implementing federal environmental programs." Request at 7; Appeal at 3. As compared to the broad categories of your request, there is no clear nexus between the records requested and the areas of education identified above. For example, your request is in no way limited to communications with non-governmental organizations, or to discussions about cooperative federalism. Numerous records you have requested will not shed any light on these subjects, and you have not explained how all of the requested records will meaningfully inform the public about these stated topics.

### Element 3

Additionally, the requester seeking a fee waiver must also demonstrate that the disclosure of the requested documents will likely contribute to the public understanding, *i.e.*, the understanding of "a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester." 40 C.F.R. § 107(l)(2)(iii). The requester's expertise in the subject area and his or her "ability and intention to effectively convey information to the public will be considered." Id. A requester must express a specific intent to publish or disseminate the requested information, and identify a specific increase in public understanding that would result from such dissemination. Judicial Watch, Inc.v. DOJ, 122 F. Supp. 2d 5, 10 (D.D.C. 2000). A requester who does not provide specific information regarding a method of disseminating requested information will not meet the third factor, even if the requester has the ability to disseminate information. Judicial Watch, Inc. V. DOJ, 122 F. Supp. 2d 13, 18-19 (D.D.C. 2000).

---

[1]*See, e.g.* http://www.epa.gov/airquality/visibility/program.html; http://www.epa.gov/airquality/visibility/actions.html.

Mr. P. Clayton Eubanks
EPA-HQ-2013-004583
Page 6 of 7

You state that the "Requesting States" will compile and summarize the requested records into a report that will be distributed to the general public, the media, and Congress. Appeal at 6. You also state that the report will be available state libraries and web sites. Id. These general statements do not provide enough information to demonstrate a tangible or cognizable plan to disseminate the information. See, Van Fripp v. Parks, 2000 U.S. Dist. LEXIS 20158, *20 (D.D.C. Mar. 16, 2000) ("Obtaining placement in a library is, at best, a passive method of distribution that does not discharge the plaintiff's affirmative burden to disseminate information."). While it is possible that a report written using information obtained from the Agency could be informative, these general statements about passive methods of distribution, especially when unaccompanied by details about the authorship of a report by the staff of thirteen different state governments or about the intended audience, fails to demonstrate a specific intent to publish or disseminate the requested information.

This discussion above is being provided to you in order to assist you in understanding the Agency's obligations to evaluate fee waiver requests using the standards contained in EPA's regulations and the FOIA. Should you choose to submit a new request, please feel free to contact the Agency's FOIA Office for information about what you may provide in order to submit a proper request, and to provide the information necessary for the Agency to evaluate a request for a fee waiver.

**Conclusion**

This letter constitutes EPA's final determination on this matter. Pursuant to 5 U.S.C. 552(a)(4)(B), you may obtain judicial review of this determination by filing a complaint in the United States District Court for the district in which you reside or have your principal place of business, or the district in which the records are situated, or in the District of Columbia. As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) within the National Archives and Records Administration was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD, 20740-6001; e-mail, ogis@nara.gov; telephone, 301-837-1996 or 1-877-684-6448; and facsimile, 301-837-0348.

Mr. P. Clayton Eubanks
EPA-HQ-2013-004583
Page 7 of 7

      Please call Lynn Kelly at 202-564-3266 if you have any questions regarding this determination.

                  Sincerely,

                  Kevin M. Miller
                  Assistant General Counsel
                  General Law Office

cc:    HQ FOI Office