## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-13-0726-M |
| | ) | |
| ENVIRONMENTAL PROTECTION | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Environmental Protection Agency hereby moves to dismiss the

Complaint (ECF No. 1) pursuant to Fed. R. Civ. P. 12(b)(6). Accompanying this motion

is a memorandum of points and authorities in support of the motion. Defendants

respectfully request that the Court grant the motion for the reasons described in the

memorandum.

Dated: September 17, 2013              Respectfully submitted,

                                       STUART L. DELERY
                                       Assistant Attorney General

                                       ELIZABETH J. SHAPIRO
                                       Deputy Branch Director

                                       /s/ James J. Schwartz
                                       JAMES J. SCHWARTZ
                                       District of Columbia Bar No. 468625
                                       United States Department of Justice
                                       Civil Division – Federal Programs Branch
                                       20 Massachusetts Avenue, N.W.
                                       Room 7144
                                       Washington, D.C.  20530
                                       Telephone:  (202) 616-8267

Fax:  (202) 616-8460
E-mail:  James.Schwartz@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STATE OF OKLAHOMA, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-13-0726-M |
| | ) | |
| ENVIRONMENTAL PROTECTION | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ......................................... 1

STANDARD OF REVIEW ................................................................................. 5

ARGUMENT ...................................................................................................... 6

I.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS
HAVE NOT SUBMITTED A PERFECTED FOIA REQUEST ............................ 6

     A.     Plaintiffs' Document Request Does Not Comply with FOIA
Because It Does Not Reasonably Describe the Records Sought ....... 8

          1.     Plaintiffs Have Not Identified the Documents Requested
with Sufficient Precision ................................................................. 11

          2.     Plaintiffs Requests is Impermissibly Overbroad ................................ 15

     B.     Plaintiffs' Document Request Does Not Comply with Agency
Regulations ........................................................................................... 20

CONCLUSION .......................................................................................... 21

# TABLE OF AUTHORITIES

**CASES**                                                                                        **PAGE(S)**

*Am. Fed'n of Gov't Emps. v. U.S. Dep't of Commerce ("AFGE)*,
    907 F.2d 203 (D.C. Cir. 1990) ............................................................. 15, 16, 17, 18

*Armstrong v. Bush*,
    139 F.R.D. 547 (D.D.C. 1991) ............................................................. 18

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................. 5, 6

*Assassination Archives & Research Ctr. v. CIA*,
    720 F. Supp. 217 (D.D.C. 1989) .................................................................. <u>passim</u>

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................. 5, 6

*Borden v. FBI*,
    27 F.3d 554 (1st Cir. 1994) ........................................................... 7, 10, 13

*Burnett v. Mortgage Electronic Registration Systems, Inc.*,
    706 F.3d 1231 (10th Cir. 2013). " ............................................................. 6

*Center For Biological Diversity v. U.S. Fish And Wildlife Service*,
    703 F. Supp. 2d 1243 (D. Colo. 2010) ....................................................... 5

*Dale v. IRS*,
    238 F. Supp. 2d 99 (D.D.C. 2002) ............................................................. <u>passim</u>

*Dettmann v. Dep't of Justice*,
    802 F.2d 1472 (D.C. Cir. 1986) ............................................................. 5

*Fonda v. CIA*,
    434 F. Supp. 498 (D.D.C. 1977) ............................................................. 13

*Freedom Watch, Inc. v. Dep't of State*
    925 F. Supp. 55 (D.D.C. 2013) ............................................................. 11, 16

*Free Speech v. Federal Election Com'n*,
   720 F.3d 788 (10th Cir. 2013).................................................................. 6

*Gaunce v. Burnett*,
   849 F.2d 1475 (9th Cir. 1988)............................................................... 13

*Goland v. CIA*,
   607 F.2d 339 (D.C. Cir. 1978) ............................................................. 17

*Hainey v. U.S. Dept. of Interior*,
   --- F.Supp.2d ----, 2013 WL 659090 (D.D.C. February 25, 2013) ...................... 14

*Hull v. I.R.S., U.S. Dept. of Treasury*,
   656 F.3d 1174 (10th Cir. 2011)............................................................. 20

*In re Scott*
   709 F.2d 717 (D.C. Cir. 1983) ............................................................... 9

*Int'l Counsel Bureau v. U.S. Dep't of Defense*,
   723 F. Supp. 2d 54 (D.D.C. 2010) ............................................... 8, 17, 18

*Ioane v. C.I.R.*,
   2010 WL 2600689 (D. Nev. 2010) .................................................... 6, 7

*Irons v. Schuyler*,
   465 F.2d 608 (D.C. Cir. 1972) ....................................................... 13, 17

*Jarvik v. CIA*,
   741 F. Supp. 2d 106 (D.D.C. 2010) ....................................................... 9

*John Doe Agency v. John Doe Corp.*,
   493 U.S. 146 (1989) .......................................................................... 8

*Judicial Watch, Inc. v. Exp.-Imp. Bank*,
   108 F. Supp. 2d 19 (D.D.C. 2000) ........................................... 9, 14, 17, 19

*Judicial Watch v. U.S. Nat'l Archives and Records Admin.*
   No.07-01987 (PLF) (D.D.C. Sept. 28, 2008) (Dkt. No. 24) ................................ 19

*Kan. Penn Gaming, LLC v. Collins*,
   656 F.3d 1210 (10th Cir.2011)............................................................... 6

*Knight v. Food and Drug Admin.*,
   938 F. Supp. 710 (D. Kan. 1996) ........................................................................ 7

*Marks v. United States*,
   578 F.2d 261 (9th Cir. 1978) ................................................................. 6, 8, 13

*Mason v. Callaway*,
   554 F.2d 129 (4th Cir.1977) .................................................................... 9, 13

*Massachusetts v. U.S. Dep't of Health and Human Servs.*,
   727 F. Supp. 35 (D. Mass. 1989) ........................................................ 11, 12

*Matlack, Inc. v. U.S. EPA*
868 F. Supp. 627 (D.Del. 1994) ............................................................... 9

*NLRB v. Robbins Tire & Rubber Co.*,
   437 U.S. 214 (1978) ...................................................................................... 8

*Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*,
   71 F.3d 885 (D.C. Cir. 1995) ...................................................................... 7, 16

*Nurre v. Whitehead*,
   580 F.3d 1087 (9th Cir. 2009) .................................................................... 10

*Patterson v. IRS*,
   56 F.3d 832 (7th Cir. 1995) ......................................................................... 18

*Pub. Citizen, Inc. v. Dep't of Educ.*,
   292 F. Supp. 2d 1 (D.D.C. 2003) ............................................................... 18

*Ruotolo v. Dep't of Justice, Tax Div.*,
   53 F.3d 4 (2d Cir. 1995) ............................................................................. 15

*Smith v. United States*,
   561 F.3d 1090 (10th Cir.2009) ................................................................... 5, 6

*Solar Sources, Inc. v. United States*,
   142 F.3d 1033 (7th Cir. 1998) ................................................................... 8, 17

*Tax Analysts v. IRS*,
    117 F.3d 607 (D.C. Cir. 1997) ................................................................................. 9

*Trentadue v. F.B.I.*,
    572 F.3d 794 (10th Cir. 2009)............................................................................... 15

*Truitt v. Dep't of State*,
    897 F.2d 540 (D.C. Cir. 1990) ................................................................................. 9

*United States v. Marshall*,
    669 F.3d 288 (D.C. Cir. 2011) ................................................................................. 9

*United Techs. Corp. v. U.S. Dep't of Defense*,
    601 F.3d 557 (D.C. Cir. 2010) ................................................................................. 8

*Van Orden v. Perry*,
    351 F.3d 173 (5th Cir. 2003), *aff'd*, 545 U.S. 677 (2005)..................................... 10

*Vest v. Dep't of Air Force*,
    793 F. Supp. 2d 103 (D.D.C. 2011) ................................................................... 7, 20

*Voinche v. U.S. Dep't of Air Force*,
    983 F.2d 667 (5th Cir. 1993)..................................................................................... 5

*Wilbur v. CIA*,
    355 F.3d 675 (D.C. Cir. 2004) ................................................................................. 5

*Yeager v. DEA*,
    678 F.2d 315 (D.C. Cir. 1982) ............................................................................... 13

## STATUTES AND REGULATIONS

5 U.S.C. § 552(a)(3)(A).............................................................................................. 7, 19
5 U.S.C. § 552(a)(3)(A)(i) ........................................................................................... 9, 11
5 U.S.C. § 552(a)(4)(B)................................................................................................... 18
42 U.S.C. § 7604(a)(2) ..................................................................................................... 2
40 C.F.R. 2.102(c) ....................................................................................................20-21

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 8(a)(2) ................................................................................................... 5
Fed. R. Civ. P. 12(b)(6) ............................................................................................... 5, 6

## INTRODUCTION

This is a Freedom of Information Act ("FOIA") case without a proper FOIA request.  What this case concerns, rather, is a request for documents that Plaintiffs submitted to the Environmental Protection Agency ("EPA") seeking production of a veritable library concerning broad topics related to EPA's discussions with "interested organizations" or "other organizations" concerning the Clean Air Act.  Plaintiffs' document request potentially involves EPA's interaction with over eighty (or an "indeterminate number of") non-governmental organizations and would require a search for records in sixteen EPA offices over a four and half year time period.

Plaintiffs' document request, though it invokes FOIA, neither complies with FOIA nor accords with applicable agency FOIA regulations.  The letter Plaintiffs sent to EPA cannot be considered a proper FOIA request, and thus EPA is not obligated to search for documents or apply exemptions.  Furthermore, EPA reached out to Plaintiffs in an attempt to help narrow the scope of the request such that EPA could respond, but Plaintiffs have not attempted to revise their requests based on EPA's recommendations.

In brief, because there is no FOIA request in this case, FOIA can offer Plaintiffs no relief.  Accordingly, and for the reasons that follow, defendant respectfully requests that the Court grant its motion to dismiss the complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2013, Plaintiffs submitted a two part FOIA request to the EPA seeking documents concerning the Clean Air Act ("CAA").  Section (a) of the request

asked for "any and all documents,"[1] from the time period January 2009 through February

2013 "that discuss or in any way relates to:"

> any consideration, proposal or discussions with any Interested Organization
> . . . or any other non-governmental organization, including citizen organizations,
> whose purpose or interest may include environmental or natural resource
> advocacy and policy ("Other Organizations"), concerning:

>> i. the scope and application of the EPA Administration's non-discretionary
>> duty to take certain actions under the Clean Air Act ("CAA"), 42
>> U.S.C. § 7604(a)(2);

>> ii. the course of action to take with respect to any Regional Haze State
>> Implementation Plan ("SIP") required to be submitted to the U.S.
>> Environmental Protection Agency ("EPA") pursuant to CAA § 169A for
>> any State;

>> iii. the course of action to be taken with respect to any administrative or
>> judicial order, decree or waiver entered, or proposed to be entered
>> concerning any Regional Haze SIP (the "Subject").

Compl., Ex. 1 at 1-2.  Sec. (a) of Plaintiffs request is almost identical to a previous FOIA

request submitted by these same Plaintiffs that had been denied by EPA as improper on

September 14, 2012.  Compl., Ex. 6, at 2.  The major differences between the two are a

reduction of the number of defined "Interested Organization" from eighty to seventeen,

and a slightly more defined, while still overly broad, scope.  However, Plaintiffs' FOIA

request also seeks documents for "Other Organizations," which were defined broadly to

include "any other non-governmental organization, including citizen organizations whose

purpose or interest may include environmental or natural resource advocacy and policy."

---

[1] Sec. (a) and (b) of Plaintiffs' FOIA request delineates broad examples of "any and all documents" to include, "any
and all written or electronic correspondence, audiotapes, electronic records, videotapes, photographs, telephone
messages, voice mail messages, e-mails, facsimiles, daily agendas and calendars, information about meetings and/or

Compl., Ex. 1, at 1.

Section (b) of Plaintiffs' request seeks copies of "any and all documents" sent or received by all six EPA headquarter offices and all 10 regional EPA offices regarding "the Subject including, but not limited to, documents sent by or received from individuals representing or employed by the Interested Organizations or Other Organizations." *Id.* at 3. Again, Sec. (b) of the request is nearly identical to a previous FOIA request by Plaintiffs that was also rejected as improper by EPA on September 14, 2012; except in the February 6, 2013 FOIA request, Plaintiffs' minimally reduced the number of EPA components to be searched from all 21 components to 16 components. Compl., Ex. 6 at 2.

On February 22, 2013, EPA responded to Plaintiffs' FOIA request by denying their fee waiver request for failure to meet the regulation's requirements for such a waiver. Compl., Ex. 2. On March 15, 2013, Plaintiffs' appealed that decision. Compl., Ex. 3. On May 31, 2013, EPA responded to Plaintiffs' appeal by determining that Plaintiffs had not submitted a proper FOIA request, dismissing it on that basis, rendering the fee waiver issue moot. Compl., Ex. 3. In addressing Sec. (a) of Plaintiffs' request, EPA determined the request to be overbroad in that it continued to ask for records "which discuss or in any way relate to" any "consideration, proposal, or discussion with 'Interested Organizations' or any 'Other Organizations'" on three broad topics related to the CAA. *Id.* at 2. EPA noted that records described in category (a)(i) were almost

---

discussions, whether in-person or over the telephone, agendas, minutes and a list of participants for those meetings

identical to the request rejected as improper on September 14, 2012.  *Id.*  And while

Plaintiffs had focused their record requests in category (a)(ii) and (a)(iii) to only the

Regional Haze State Implementation Plans ("SIPS"), Plaintiffs still did not provide

enough information to allow an employee reasonably familiar with the subject matter to

identify the sought records.  *Id.*  EPA also explained that, despite reducing the list of

Interested Organizations from 80 to 17, Plaintiffs continued to request records from

"Other Organizations" which, as noted above, were defined so broadly as to re-

incorporate the 63 entities listed in Plaintiffs' prior FOIA request as well as numerous

other unnamed organizations that may have had communications with the EPA

concerning the CAA.  *Id.*

In addressing Sec. (b) of Plaintiff's FOIA request, EPA likewise denied it as

improperly overbroad.  Similar to Sec. (a), Sec. (b) continued to be nearly identical to a

previously denied request.  *Id.*  EPA found the request continued to be overbroad because

it asked for "all documents" relating to the three broad categories in Sec. (a) of the

request from almost every component of EPA over a four year period.  *Id.*

Finally, as part of its May 31, 2013 denial letter, EPA made substantive

suggestions to assist Plaintiffs in crafting an acceptable FOIA request.  *Id.* at 3.  EPA

suggested Plaintiffs provide key words for EPA to search as part of the request.  *Id.*  For

example, Plaintiffs' could narrow the request to include records "communicating with

any *specifically identified* organization AND referencing settlement relating to the three

---

and/or discussions, and transcripts and notes of any such meetings and/or discussions."

subject areas [Plaintiffs] identify." *Id.* (emphasis in original). Such a request would allow EPA staff familiar with the subject area to search and locate any responsive records. *Id.* Rather than work with EPA or attempt to narrow their overly broad request, Plaintiffs chose instead to bring the instant action.[2]

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court accepts as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The 10th Circuit has explained the two underpinnings of this standard:

---

[2] Count 2 of Plaintiffs complaint alleges an improper denial of Plaintiffs' fee waiver request. Compl. ¶¶ 32-34. However, the May 31, 2013 denial of Plaintiffs' appeal did not reach the waiver issue as it was denied as improper, rendering the fee waiver issue is moot. Since no ruling on the denial of Plaintiffs' fee waiver has been made by EPA, Plaintiffs have failed to exhaust their administrative remedies on the issue and their claims should be dismissed. "[E]xhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA," *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (quotation marks and citation omitted), and "FOIA requires exhaustion of the appeal process before an individual may seek relief in the courts." *Center For Biological Diversity v. U.S. Fish And Wildlife Service*, 703 F.Supp.2d 1243 (D. Colo. 2010); *see Dale v. IRS*, 238 F. Supp. 2d 99, 102 (D.D.C. 2002) (the failure of a plaintiff "'to exhaust administrative remedies subjects a FOIA requester's suit to dismissal for lack of subject matter jurisdiction'") (citing, e.g., *Dettmann v. Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986)); *Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667, 669 n.5 (5th Cir. 1993) ("Because Voinche could have amended his second request, . . . Voinche failed to exhaust his administrative remedies with regard to his second FOIA request.").

> "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011) (quoting *Twombly*, 550 U.S. at 555,). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The complaint must offer sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

*Burnett v. Mortgage Electronic Registration Systems, Inc.*, 706 F.3d 1231, 1234 -1236 (10th Cir. 2013). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Free Speech v. Federal Election Com'n*, 720 F.3d 788, 792 (10th Cir. 2013) (citing, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

## ARGUMENT

## I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT SUBMITTED A PERFECTED FOIA REQUEST

"FOIA does not mandate that [agencies] comply" with all requests they receive for records. *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978). Rather, a party which seeks access to documents under FOIA must submit to a federal agency a "valid" or "perfected" request, *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); *see Ioane v. C.I.R.*, 2010 WL 2600689 *4 (D. Nev. 2010) (unpublished) (citing *Dale,* 238 F. Supp. 2d at 103*); see also Borden v. FBI*, 27 F.3d 554, *1 (1st Cir. 1994) (unpublished) (affirming

dismissal because "the complaint shows on its face that the plaintiff did not present a proper request"), and an agency's "obligation under FOIA begins only upon receipt of a valid request," *Ioane,* 2010 WL 2600689 *4, (citing, *Dale*, 238 F. Supp. 2d at 103).[3]  The statute itself makes clear what is required: a federal agency must make records available only on receipt of a "request for records which (i) *reasonably describes* such records and (ii) is *made in accordance with published rules* stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A) (emphasis added).

These twin statutory requirements "are minimal," *Dale*, 238 F. Supp. 2d at 103, and agencies are further obligated to "construe a FOIA request liberally," *Knight v. Food and Drug Admin.*, 938 F.Supp. 710, 716 (D. Kan. 1996) (citing, *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995)).  It is, accordingly, a decidedly low bar requesters must clear in order to take advantage of FOIA's access provisions.  But a bar there is, and even measured against this forgiving backdrop, Plaintiffs' request -- seeking records across the EPA from undefined organizations -- fails to comply with the statute.  Simply stated, the document requests at issue in this case do not reasonably describe the requested records, and they fail to comply with applicable agency regulations.

---

[3] The failure of a plaintiff "to file a perfected request . . . constitutes failure to exhaust administrative remedies."  *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); *see Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 114-15 (D.D.C. 2011).

### A.     Plaintiffs' Document Request Does Not Comply with FOIA Because It Does Not Reasonably Describe the Records Sought.

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  Courts, however, have taken a "'practical approach' . . . in interpreting the Act," *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1039 (7th Cir. 1998) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 157 (1989)), and have long recognized that there are limits to the access the statute provides, *see, e.g.*, *United Techs. Corp. v. U.S. Dep't of Defense*, 601 F.3d 557, 559 (D.C. Cir. 2010).

One of these limits protects the ability of federal agencies to prioritize their resources notwithstanding the obligations to provide access to records under FOIA.  *See, e.g.*, *Int'l Counsel Bureau v. U.S. Dep't of Defense*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010).  FOIA simply was not intended to monopolize the budgets of federal agencies, consume overwhelming resources in an effort to assist citizens interested in the functioning of government, or, as the D.C. courts have courts have stated, "'reduce government agencies to full-time investigators on behalf of requesters.'"  *Dale*, 238 F. Supp. 2d at 104 (quoting *Assassination Archives & Research Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C.1989)); *see also Marks*, 578 F.2d at 263 ("It would be an unreasonable interpretation of the FOIA to construe it to require a search of the kind envisioned by

Marks every time a request for disclosure was filed.").[3]  The statute, accordingly, reflects Congress' intent to "preclude" a particular type of record request, namely, those requests with a certain "lack of specificity."  *Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir.1977) (cited in *Dale*, 238 F. Supp. 2d at 104).

Congress realized this intent in the requirement of § 552(a)(3)(A)(i) that a record request "reasonably describe[]" the records sought.  *See Dale*, 238 F. Supp. 2d at 104.  A document request that reasonably describes the records sought must "describe the records sought with 'reasonably sufficient detail' in light of both statutory guidance and case law."  *Id.*  The central issue "is whether 'the agency is able to determine precisely what records are being requested.'"  *Id.* (quoting *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997)).  Courts have employed a now-familiar calculus in making this determination: asking whether a "description of a requested document would be sufficient [to] enable[] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort."  *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) (quotation marks and citation omitted); *see Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000); *Jarvik v. CIA*, 741 F. Supp. 2d 106, 115 (D.D.C. 2010).

---

[3] FOIA grants the district court in the District of Columbia venue for all FOIA cases, *see* 5 U.S.C. § 552(a)(4)(B), and, as a result, D.C. Courts have particular experience and expertise in FOIA.  *See, In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (district courts in D.C. have "'substantial expertise' in working with the FOIA," quoting S. Rep. No. 854, 93d Cong., 2d Sess. 12-13 (1974) (FOIA legislative history)); *Matlack, Inc. v. U.S. EPA*, 868 F. Supp. 627, 630 & n. 3 (D.Del. 1994) (noting that the federal courts in the District of Columbia have "long been on the leading edge" of interpreting the FOIA).

The professional-employee test is an objective test,[4] and courts are equipped to make this determination by resort to the FOIA request alone. *See Dale*, 238 F. Supp. 2d at 105 (noting that document request was deficient "on its face"). In other words, agencies need not introduce evidence showing that, based on a particular document request, *their* professionals are incapable of locating the requested records with a reasonable amount of effort. *See Borden*, 27 F.3d 554, *1 ("[T]he request which plaintiff allegedly presented . . . does not reasonably describe the records sought. Since the complaint shows on its face that the plaintiff did not present a proper request, we need not consider defendant's remaining arguments." (citations omitted)). "To say otherwise retreats from the objective test" of the professional employee, *Van Orden v. Perry*, 351 F.3d 173, 182 (5th Cir. 2003) (on the Establishment Clause's endorsement test), *aff'd*, 545 U.S. 677 (2005), and would focus instead on the ingenuity of whichever FOIA officer happens to receive a document request. Nothing in the statute would suggest that the validity of a document request turns on the cleverness of the person to whom that request is assigned. *See* 5 U.S.C. § 552(a)(3)(A)(i).

---

[4] Federal courts have long held that similar tests looking to the hypothetical behavior of reasonably competent professionals are indeed objective tests. For example, the test for constitutional effective assistance of counsel, which asks whether "counsel's acts or omissions fall outside the wide range of professionally competent assistance based on prevailing norms of practice and the facts of the particular case, viewed as of the time of counsel's conduct," is "an objective standard of reasonableness." *United States v. Marshall*, 669 F.3d 288, 293 (D.C. Cir. 2011) (quotation marks, citations and alterations omitted). Likewise, the Establishment Clause's endorsement test, which "ask[s] whether a reasonable observer who is informed and familiar with the history of the government practice at issue, would perceive the action as having a predominately non-secular effect," is also "an objective test." *Nurre v. Whitehead*, 580 F.3d 1087, 1096 (9th Cir. 2009) (quotation marks, citation and alterations omitted). FOIA's

Plaintiffs' document request, seeking documents from 16 out of 21 EPA

components regarding at least 17 identified non-governmental organizations as well as an

unidentified number of other non-governmental organizations, is deficient on its face.

*See Dale*, 238 F. Supp. 2d at 104-05.  It does not describe the records sought with

reasonably sufficient detail and it would not enable a professional employee familiar with

the subject area to locate the records with a reasonable amount of effort.  *See Freedom*

*Watch, Inc. v. Dep't of State,* 925 F. Supp. 2d 55, 62 (D.D.C. 2013) (holding FOIA

requests "infirm from the beginning" as the requester "never submitted a valid FOIA

request . . . because they did not describe the records sought sufficiently to allow a

professional employee familiar with the area in question to locate responsive records."  It

is, instead, "an all-encompassing fishing expedition . . . , at taxpayer expense."  *Id.* at

105.

> 1.      *Plaintiffs Have Not Identified the Documents Requested with*
>         *Sufficient Precision.*

As discussed above, Plaintiffs seek "*any and all documents*" from the EPA that

"*discuss or in any way relates*" to "any consideration, proposal or discussions with

Interested Organizations" regarding aspects of the CAA and Regional Haze SIPs.  *See*

*generally* Compl. ¶ 20; Compl., Ex. 1, p.1 (emphasis added).  *Cf. Massachusetts v. U.S.*

*Dep't of Health and Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) (noting that

a "request for all documents 'relating to' a subject . . . unfairly places the onus of non-

---

professional-employee test is no different.

production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request"). Plaintiffs defined "Interested Organizations" as including a list of 17 organizations.  *See* Compl., Ex.1, at 2.  However, this list is illusory because the request also seeks documents from "Other Organizations," which Plaintiffs broadly defined as "any other non-governmental organization, including citizen organizations whose purpose or interest may include environmental or natural resource advocacy and policy."  *Id.* At p. 1 (Sec. (a) of FOIA request).  This caveat effectively reincorporates the list of 80 organizations submitted to EPA in Plaintiffs previous FOIA request denied on September 14, 2012, plus potentially unnamed and amorphous "Other Organizations".  *See* Compl., Ex.6 at 2.

A professional employee making a reasonable effort would have no idea how to locate the records Plaintiffs seek even if that employee were familiar the CAA and Regional Haze SIPs.  Plaintiffs definition of "Other Organizations" would require the EPA to search for and determine the organizational mission of any non-governmental organization that may have communicated with the EPA regarding topics under the CAA.  *See* Compl., Ex.6 at 2.  Then a determination would need to be made whether the communications "discuss" or in any way "relate" to the three topics in Part (a) of Plaintiffs' FOIA request.  *Id.*; s*ee Massachusetts v. U.S. Dep't of Health and Human Servs.*, 727 F. Supp. at 36 n.2 ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is 'a seamless web,' and all

documents 'relate' to all others in some remote fashion.").  Language such as "any and all documents," and "discuss or in any way relate" and broad definitions of Interested and Other Organizations does not reasonably describe the records sought.  *See Assassination Archives*, 720 F. Supp. at 219 ("[I]t is the requester's responsibility to frame requests with sufficient particularity . . . to enable the searching agency to determine precisely what records are being requested." (citing *Yeager v. DEA*, 678 F.2d 315 (D.C. Cir. 1982))).

It has been clear for many years that "broad, sweeping requests lacking specificity are not permissible" under FOIA.  *Marks*, 578 F.2d at 263.  Accordingly, courts have repeatedly held that document requests seeking so much material, described in such vague, general terms, do not reasonably describe the records sought.  *See Dale*, 238 F. Supp. 2d at 104 (D.D.C. 2002) (request seeking all documents regarding plaintiff); *Fonda v. CIA*, 434 F. Supp. 498, 501 (D.D.C. 1977) (request seeking all documents concerning plaintiff); *Marks*, 578 F.2d at 262, 263 (9th Cir. 1978) (request seeking all documents under plaintiff's name); *Mason*, 554 F.2d at 131 (4th Cir. 1977) (request seeking all documents pertaining to "atrocities" committed against plaintiff); *Borden*, 27 F.3d 554, *1 (1st Cir. 1994) (nature of request not specified); *Gaunce v. Burnett*, 849 F.2d 1475, *1 (9th Cir. 1988) (unpublished) (request seeking "every scrap of paper" related to plaintiff's aviation activities); *see also Irons v. Schuyler*, 465 F.2d 608, 613 (D.C. Cir. 1972) (holding, based on prior version of FOIA, that request seeking all unpublished

decisions of the Patent Office "does not meet the requirement of paragraph (a)(3) for identifiable records").

Adding to the difficulty of responding to Plaintiffs' request is asking EPA to search for records relating to all the Interested and Other Organizations over a four and a half year time period.  In a recent District of Columbia case, a similar request to Plaintiffs seeking all internal emails of 25 individuals over a two year period failed to reasonably describe the records sought, and was unreasonably burdensome.  *Hainey v. U.S. Dept. of Interior*, --- F.Supp.2d ----, 2013 WL 659090, *9 (D.D.C. February 25, 2013).

EPA has attempted to work with Plaintiffs in an effort to assist in crafting a request that does sufficiently describe the records requested.  *See* Compl., Ex. 6, p. 3.  In response to Plaintiffs' February 6, 2013 FOIA request, EPA pointed out the relevant agency regulations regarding specificity and information about the records sought that should be included in a FOIA request that would allow EPA to respond to the request. *Id.*  EPA even went as far as to suggest a specific example of search parameters that would allow EPA employees to search for and locate responsive documents.  Compl., Ex. 6, p. 3.  EPA suggested Plaintiffs' could narrow the request to include records "communicating with any *specifically identified* organization AND referencing settlement relating to the three subject areas [Plaintiffs] identify."  *Id.* (emphasis in original).  But Plaintiffs made no serious effort to cure the deficiencies, nor communicate with EPA to work on clarifying the request.  *See  Judicial Watch*, 108 F. Supp. 2d at 27-

28 ("Not only did Judicial Watch fail to state its request with sufficient particularity, it also declined the Bank's repeated attempts clarify the request."); *see also, See Dale*, 238 F. Supp. 2d at 104-05.  Plaintiffs, twelve highly trained Attorneys General of their respective states, are familiar with interpreting regulations and are capable of drafting a clear and specific request for records that would allow a professional employee to locate the records responsive to their request.  Had Plaintiffs responded to EPA's proposals, "the issues now before the Court likely would have been resolved long ago, without requiring briefing and judicial attention, and perhaps plaintiff's FOIA request would already have been processed and documents produced."  *Dale*, 238 F. Supp. 2d at 101. But Plaintiffs did not respond to the agencies' entreaties, and the "mystery about the scope and focus of [its] request" continues.  *Id.* at 105.

2.    *Plaintiffs' Request is Impermissibly Overbroad.*

Even if Plaintiffs request could be understood to "identify the documents requested with sufficient precision," it would still fail to reasonably describe the records sought because it is "so broad as to impose an unreasonable burden upon the agenc[ies]." *Am. Fed'n of Gov't Emps. v. U.S. Dep't of Commerce* ("*AFGE*"), 907 F.2d 203, 209 (D.C. Cir. 1990); *see also Trentadue v. F.B.I.*, 572 F.3d 794, 797 (10th Cir. 2009) ("agency's search for records need only be 'reasonable' in scope and intensity"); *Ruotolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 9 (2d Cir. 1995) ("We have no doubt that there is such a thing as a request that calls for an unreasonably burdensome search").  As noted

15

above, Sec. (a) of the request seeks records from 17 identified "Interested Organizations," and an indeterminate number "Other Organizations," as Plaintiffs' definition of "Other Organizations" incorporates the 63 "Interested Organizations" from its previous FOIA request and would require EPA to determine the mission of an unknown number of organizations who have communicated with EPA regarding the CAA.  Additionally, Sec. (b) of Plaintiffs' FOIA request seeks copies of "any and all documents" sent or received by 16 out of 21 EPA components "regarding the Subject including, but not limited to, documents sent by or received from individuals representing or employed by Interested Organizations or Other Organizations."  Compl., Ex. 1, p. 3.  Plaintiffs demand that EPA search 6 out of the eleven headquarter offices and all 10 regional EPA offices.  *Id.*  Such an all-encompassing request, would "'reduce [the] agenc[y] to full-time investigators on behalf of requesters,'" *Dale*, 238 F. Supp. 2d at 104 (quoting *Assassination Archives*, 720 F. Supp. at 219),

This Court should hold, as numerous courts considering (less) broad requests have held, that the record request at issue would impose an unreasonable burden on the federal government.  *See Freedom Watch, Inc. v. Dep't of State* 925 F. Supp. 2d 55, 61 (D.D.C. 2013) ("Having reviewed Freedom Watch's requests, the Court agrees with the Defendant Agencies and finds that the requests were invalid ab initio . . .  [t]he requests failed to identify the documents sought with any modicum of specificity and were thus fatally overbroad and burdensome.); *Nation Magazine, Wash. Bureau v. U.S. Customs*

*Serv.*, 71 F.3d 885, 888, 891-92 (D.C. Cir. 1995) (request seeking 23 years of records regarding H. Ross Perot's interactions with federal agency); *AFGE*, 907 F.2d at 205, 208-09 (D.C. Cir. 1990) (request (3A and 3B) seeking access to every file in numerous offices); *Goland v. CIA*, 607 F.2d 339, 342-43, 354 (D.C. Cir. 1978) (request seeking all records concerning legislative history of one congressional act and two congressional bills); *Int'l Counsel Bureau v. U.S. Dep't of Defense*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010) (request seeking search of unlabeled and unindexed videos); *Dale*, 238 F. Supp. 2d at 104 (D.D.C. 2002) (request seeking all documents regarding plaintiff); *Judicial Watch*, 108 F. Supp. 2d at 23, 27-28 (D.D.C. 2000) (request (2(b)) seeking records pertaining to contacts of federal employees with entities doing business with China); *Assassination Archives*, 720 F. Supp. at 218, 219-20 (D.D.C. 1989) (request (Item 1) seeking information reflecting relationship between George H.W. Bush and CIA prior to his appointment as director of CIA); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1035, 1039 (7th Cir. 1998) (request seeking all investigatory documents in four criminal cases); *see also Irons*, 465 F.2d at 613 (D.C. Cir. 1972) (noting, based on prior version of FOIA, that "the contours of the records thus described are so broad in the context of the Patent Office files as not to come within a reasonable interpretation of 'identifiable records' as this statutory language is used in paragraph (a)(3)").

This case bears particular similarity to *AFGE*, in which a requester was interested in materials related to promotions at a federal agency but requested all files within a

number of offices at that agency.  907 F.2d at 208-09.  The D.C. Circuit noted that the request "would require the agency to locate, review, redact, and arrange for inspection a vast quantity of material," *id.* at 209.

Many of the cases cited above were cases in which courts granted summary judgment to federal agencies that had submitted affidavits discussing the burden responding to document requests would impose on the agencies.  *See, e.g.*, *Int'l Counsel*, 723 F. Supp. 2d at 59 (citing to the O'Connor declaration); *see also Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 6 (D.D.C. 2003) ("Defendants must . . . provide a sufficient explanation why a search of the paper files would be unreasonably burdensome."); *Armstrong v. Bush*, 139 F.R.D. 547, 553 (D.D.C. 1991) ("The D.C. Circuit has held that where the agency's ability to retrieve requested documents is at issue, an undiscriminating adoption of the agency's assertion is inappropriate and could raise the specter of easy circumvention of the FOIA." (quotation marks and citation omitted)).  Without question, a federal agency in receipt of a proper FOIA request and moving for summary judgment on a FOIA claim bears the burden of showing that its response to the FOIA request was lawful.  *See* 5 U.S.C. § 552(a)(4)(B) ("[T]he burden is on the agency to sustain its action.").  Towards that end, such an agency must explain how any search it conducts is reasonable, and how any decision *not to search* is likewise reasonable.  *See, e.g.*, *Patterson v. IRS*, 56 F.3d 832, 840 (7th Cir. 1995).  But there is no reason to proceed to summary judgment here.  FOIA imposes no obligations on an

agency when the document request is itself deficient as a matter of law.

Accordingly, in *Dale*, the court granted a federal defendant's motion to dismiss in part on the grounds that the document request it received was facially overbroad. *See* 238 F. Supp. 2d at 104 (citing, *e.g.*, *Assassination Archives*, 720 F. Supp. at 219). Additionally, in *Judicial Watch*, without any apparent reliance on evidence, the court granted a motion for summary judgment in part on the grounds that the document request it received was facially overbroad. *See* 108 F. Supp. 2d at 27-28.[5]  Similarly, the D.C. Circuit in *AFGE* made no mention of any evidentiary showing when holding that a request was impermissibly overbroad. *See* 907 F.2d at 208-09.  Rather, the *AFGE* court's conclusion was premised on its legal determination that the request at issue did not comply with FOIA.[6]  See *id.* ("Request 3A would require the Bureau to locate 'every chronological office file and correspondent file, internal and external, for every branch office, staff office [etc.]' Request 3B is similarly broad.  As such, neither request 'reasonably describes' a class of documents subject to disclosure, as required by 5 U.S.C. § 552(a)(3)(A)." (alteration in original)); *but see Judicial Watch v. U.S. Nat'l Archives and Records Admin.*, No.07-01987 (PLF) (D.D.C. Sept. 28, 2008) (Dkt. No. 24).

In those three cases, the courts, in ruling for the government, relied on the requests and the requests alone.  The same reasoning should apply here, where it is "obvious"

---

[5] The defendant in *Judicial Watch* did submit a declaration discussing the adequacy of its search. *See Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000).  That "declaration explain[ed] in detail how the Bank searched for records responsive to parts 1, 2(a), 3, 4 and 5" of the document request.  *Id.*  It was part 2(b) of the request that the Court held to be impermissibly overbroad.  *See id.* at 27-28.

from the face of Plaintiffs' request that it would "require the agency to locate, review, redact, and arrange for inspection a vast quantity of material." *Id.* at 209.

**B.    Plaintiffs' Document Request Does Not Comply with Agency Regulations.**

Compliance with an agency's FOIA regulations is a prerequisite to suit under FOIA.  A "party's failure to file a FOIA request that complies with the agency's rules and procedures for filing such a request constitutes failure to exhaust administrative remedies." *Hull v. I.R.S., U.S. Dept. of Treasury,* 656 F.3d 1174, 1180, (10th Cir. 2011); *Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 114 (D.D.C. 2011) (a "party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by that agency, and the failure to comply with an agency's FOIA regulations for filing a proper FOIA request is the equivalent of a failure to exhaust." (quotation marks and citations omitted)).  Plaintiffs' complaint should be dismissed for failure to exhaust because Plaintiffs' records request did not comply with EPA's FOIA regulations.

EPAs regulations incorporate the FOIA statute's "reasonably describes" standard. Section 40 C.F.R. 2.102(c) specifically requires a requester to:

> reasonably describe the records you are seeking in a way that will permit EPA employees to identify and locate them.  Whenever possible, your request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter.  If known, you should include any file designations or descriptions for the records that you want.  The more specific you are about the records or type of records that you want, the more likely EPA will be able to identify and locate records responsive to your request.  If EPA determines that your request

does not reasonably describe the records, it will tell you either what additional information you need to provide or why your request is otherwise insufficient.

Thus, because Plaintiffs' records request does not comply with the statute, it also fails to comply with the applicable regulations. *Cf. Dale*, 238 F. Supp. 2d at 103-05. The complaint therefore should be dismissed on this ground as well.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant its motion to dismiss the complaint.

Dated: September 17, 2013          STUART L. DELERY
                                   Assistant Attorney General


                                   ELIZABETH J. SHAPIRO
                                   Deputy Branch Director

                                   /s/ James J. Schwartz
                                   JAMES J. SCHWARTZ
                                   District of Columbia Bar No. 468625
                                   United States Department of Justice
                                   Civil Division – Federal Programs Branch
                                   Senior Trial Counsel
                                   20 Massachusetts Avenue, N.W.
                                   Room 7144
                                   Washington, D.C.  20530
                                   Telephone:  (202) 616-8267
                                   Fax:  (202) 616-8460
                                   E-mail:  James.Schwartz@usdoj.gov

## CERTIFICATE OF SERVICE

 X   I hereby certify that on September 17, 2013, a true copy of this pleading was electronically transmitted to the Clerk of the District Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the parties and counsel registered on ECF in this matter.


__   I hereby certify that on August 15, 2013, the attached document(s) were served by U.S. Mail on the following, who are not registered participants on the ECF System:

/s/ James J. Schwartz
JAMES J. SCHWARTZ
Senior Trial Attorney

.