# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | Case No. CIV-13-726-M |
| PROTECTION AGENCY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

BACKGROUND .................................................................................................. 3

LEGAL STANDARD GOVERNING MOTIONS TO DISMISS ....................................... 8

LEGAL STANDARD GOVERNING REVIEW OF FOIA DENIALS ............................. 9

ARGUMENT...................................................................................................... 10

    I.  The Motion To Dismiss Must Be Denied Because EPA Fails To Show That Plaintiffs' FOIA Request Does Not Reasonably Describe The Records Requested . 10

    A.  FOIA Employs A Liberal Standard For Identifying Records ............................. 10

    B.  Plaintiffs' FOIA Request Satisfies 5 U.S.C. §552(a)(3)(A) and EPA's FOIA Regulations ................................................................................................ 13

    1. Plaintiffs have identified the records requested with sufficient precision and EPA is required to conduct a search for those records because it has failed to show that such a search would be burdensome ................................................................. 14

    2. Plaintiffs' request that EPA conduct its search over the course of a specified four-year time frame is not overbroad or burdensome................................................. 18

    3. Plaintiffs' request that EPA include in its search "Other Organizations" does not render Plaintiffs' FOIA Request overbroad or burdensome ..................................... 18

    4. Plaintiffs' request that EPA search several EPA offices does not render Plaintiffs' FOIA Request overbroad or burdensome................................................... 20

    II. The Court Must Deny The Motion To Dismiss Because EPA Fails To Show That Plaintiffs Failed To Perfect Their FOIA Request ............................................... 23

    III. EPA Effectively Denied Plaintiffs' Appeal Of The Agency's Denial Of The Fee Waiver And Therefore The Matter Is Properly Before This Court .................... 24

CONCLUSION ................................................................................  25

# TABLE OF AUTHORITIES

## Cases

*Am. Corn Growers Ass'n v. EPA*, 291 F.3d 1 (D.C. Cir. 2002) ............................................ 5, 11

*Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203
(D.C. Cir. 1990).................................................................................................................... 22
*Anderson v. Dep't of Health & Human Serv's*, 907 F.2d 936 (10th Cir. 1990)................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................................. *passim*

*Assassination Archives & Research Ctr, Inc. v. C.I.A.,* 720 F. Supp. 217
(D.D.C. 1989) .................................................................................................................. 15, 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................................ 8

*Bowden v. United States*, 106 F.3d 433 (D.C. Cir.1997) ...................................................... 9, 23

*Dale v. I.R.S.*, 238 F. Supp. 2d 99 (D.D.C. 2002) ............................................................ *passim*

*Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749 (1989)............... 10

*EPA v. Mink*, 410 U.S. 73 (1973) ......................................................................................... 11

*Fonda v. C.I.A.,* 434 F. Supp. 498 (D.D.C. 1977)................................................................ 17

*Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55 (D.D.C. 2013) ........................ 16, 17, 24

*Gaunce v. Burnett,* 849 F.2d 1475 (9th Cir. 1988)................................................................ 17

*Gen. Motors Corp. v. United States*, 496 U.S. 530 (1990).................................................... 4

*Hainey v. U.S. Dep't of the Interior*, 925 F. Supp. 2d 34 (D.D.C. 2013) ............................ 18, 20

*Irons v. Schuyler,* 465 F.2d 608 (D.C. Cir. 1972) ................................................................ 17

*John Doe Agency v. John Doe Corp.*, 493 U.S. 146 (1989).................................................... 9, 11

*Jones v. F.B.I.*, 41 F.3d 238 (6th Cir.1994) .......................................................................... 9

*Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011).............................. 8

## Cases

*Khalik v. United Airlines*, 671 F.3d 1188 (10th Cir. 2012) .................................................... 9

*Knight v. Food & Drug Admin.*, 938 F. Supp. 710 (D. Kan. 1996) ..................................... 9, 11

*Marks*, *Mason v. Callaway*, 554 F.2d 129 (4th Cir. 1977) ..................................................... 17

*Marks v. United States*, 578 F.2d 261 (9th Cir.1978) ........................................................... 12

*Massachusetts v. U.S. Dep't of Health and Human Servs.*, 727 F.Supp. 35 (D.Mass. 1989) ................................................................................................................... 14, 15

*Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157 (2004)...................................... 10

*NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978) ................................................. 10

*National Parks Conservation Assn. v. Jackson*, No. 1:11–cv–1548 (D.D.C.) ..................... 3

*Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94 (D.D.C. 2009).............................. 9, 10, 23

*Tax Analysts v. IRS*, 117 F.3d 607 (D.C.Cir.1997) .............................................................. 12

*Truitt v. Dep't of State*, 897 F.2d 540 (D.C. Cir. 1990) ................................................. 11, 12

*Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667 (5th Cir. 1993)....................................... 24

*Weinberger v. Salfi*, 422 U.S. 749 (1975) ............................................................................ 10

*WildEarth Guardians v. Jackson*, No. 4:09-cv-02453 (N.D. Cal.) ....................................... 3

*WildEarth Guardians v. Jackson*, No. 1:11–cv–0001–CMA–MEH (D. Colo.) .................. 3

*WildEarth Guardians v. Jackson*, 1:10-cv-01218-REB –BNB (D. Colo.) ......................... 3

## Statutes

5 U.S.C. § 552 ........................................................................................................................ 1

5 U.S.C. § 552(a)(3)(A)..................................................................................................... 2, 13, 14

5 U.S.C. § 552(a)(3)(A)(i)-(ii)............................................................................................ 11

**Statutes**

5 U.S.C. § 552(a)(4)(A)(iii) ................................................................................................ 8

5 U.S.C. § 552(a)(4)(A)(vii) ............................................................................................... 25

5 U.S.C. § 552(a)(4)(B) ..................................................................................................... 9

5 U.S.C. § 552(b)(2) ......................................................................................................... 15

42 U.S.C. § 7401(a)(3) ..................................................................................................... 4

42 U.S.C. § 7407(a) .......................................................................................................... 4

42 U.S.C. § 7491 .............................................................................................................. 5

42 U.S.C. § 7491(a) .......................................................................................................... 4

42 U.S.C. § 7491(b)(2) ..................................................................................................... 5

42 U.S.C. § 7604(a)(2) ................................................................................................ 7, 19, 22

CAA § 162(a) .................................................................................................................... 4

CAA § 169A ............................................................................................................... *passim*

CAA § 169A(g)(5) ............................................................................................................ 4

**Regulations**

26 C.F.R. § 601.702(c)(7) ................................................................................................. 17

40 C.F.R. § 2.102(c) .................................................................................................. 2, 12, 24

40 C.F.R. § 51.308(d)(1)(i)(B) ......................................................................................... 5

**Rules**

Fed.R.Civ.P. 8(a)(2) ......................................................................................................... 1

Fed.R.Civ.P. 12(b)(6) ....................................................................................................... 1

**Legislative History**

S. Rep. No. 93-854, 93d Cong., 2d Sess. (1974)...................................................................... 12

**Other Sources**

U.S. Senate Environment and Public Works Committee Minority Report <u>EPA's FOIA and Federal Records Failures Uncovered</u>, Sept. 9, 2013........................................................ 2

**INTRODUCTION**

This is an action, by the Attorneys General of twelve states, under the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552, as amended. Plaintiffs' complaint seeks the disclosure and release of records held by the U.S. Environmental Protection Agency ("**EPA**" or the "**Agency**") concerning EPA's discussions, negotiations, and legal settlements with seventeen identified non-governmental organizations regarding EPA's actions involving state Regional Haze State Implementation Plans ("**SIPs**") under the federal Clean Air Act ("**CAA**"). The complaint sets forth that, after making a proper FOIA request, EPA improperly denied Plaintiffs' request and refused to make the requested records available. The complaint provides the Court with detailed factual allegations from which the Court can assess whether, if the allegations are proven, EPA has improperly denied Plaintiffs' FOIA request.

Plaintiffs' complaint sets forth detailed, clearly pled, and separately enumerated claims for relief. Defendant has moved for dismissal of Plaintiffs' complaint under Fed.R.Civ.P. 12(b)(6), claiming that Plaintiffs have not met the requirements of Fed.R.Civ.P.8(a)(2) that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Relying on *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), Defendant seeks dismissal, claiming that the complaint purportedly does not state a claim upon which this Court may grant relief. Defendant claims that Plaintiffs' FOIA request does not "reasonably describe" the records sought, and therefore does not constitute a "valid FOIA request" received by EPA. Further, without identifying how many records there may be that are germane to the request or

1

where the records are located, Defendant asserts that Plaintiffs' FOIA request was "impermissibly overbroad" and would presumably entail the review of a vast quantity of material and therefore be a "burden" to the Agency. Defendant's arguments have no merit.

The Supreme Court's decision in *Iqbal* requires that a complaint must state sufficient factual detail to allow the Court to assess the plausibility of the allegations set forth. FOIA itself requires that the records requested be "reasonably describe[d]," (5 U.S.C. § 552(a)(3)(A)), and EPA's FOIA regulations ask only that a request should "**whenever possible**,…include the date, title or name, author, recipient, and subject matter," of the records requested. (emphasis added) 40 C.F.R. § 2.102(c). As detailed in the complaint, Plaintiffs' FOIA request identifies the dates of the records sought; the EPA offices where the records were sent or received; the seventeen non-governmental organizations that would have sent communications concerning the subject to these EPA offices; and the subject matter of the records sought. Plaintiffs' FOIA request clearly meets the "reasonably describe[d]" FOIA requirement and EPA's FOIA regulation and is therefore not overbroad.

As set forth below, Defendant has proffered no evidence to support any claim that Plaintiffs' FOIA request is "overbroad." Rather, EPA has elected to simply apply its standard protocol of improperly "impos[ing] procedural and financial hurdles,"[1]

---

[1] *See* U.S. Senate Environment and Public Works Committee Minority Report <u>EPA's FOIA and Federal Records Failures Uncovered</u>, Sept. 9, 2013. <u>http://www.epw.senate.gov/public/index.cfm?FuseAction=Files.View&FileStore_id=513a8b4f-abd7-40ef-a43b-dec0081b5a62</u>

including denying valid FOIA requests as "overbroad," because the Agency would apparently prefer not to have to comply with FOIA. *See* Compl. Ex. 7 at 6. Congress and the Courts, however, have been clear that agencies cannot use FOIA's identification standard as a means to obstruct the public's access to records. Unfortunately, this is precisely what EPA is doing in this case. The Court should therefore deny Defendant's Motion to Dismiss.

## BACKGROUND

On February 6, 2013, the States of Oklahoma, Alabama, Arizona, Georgia, Kansas, Michigan, Nebraska, North Dakota, South Carolina, Texas, Utah, and Wyoming (Plaintiffs herein) submitted to EPA a FOIA request for records concerning EPA's negotiations with seventeen specific non-governmental organizations that have led to binding consent decrees that dictate how and when EPA must proceed concerning various States' Regional Haze SIPs.[2] (the "**FOIA Request**"). *See* Compl. Ex. 1. Oklahoma and the other States seek this information out of substantial concern with EPA's practice of settling with non-governmental entities on environmental regulatory enforcement issues that directly affect the States. Because the States are not parties to these cases and

---

[2] Notably, EPA's final action on each of the Plaintiff States' Regional Haze SIPs was the subject of a lawsuit brought by a nongovernmental organization against EPA, to which the States were not parties. *See WildEarth Guardians v. Jackson*, No. 4:09-cv-02453 (N.D. Cal.); *WildEarth Guardians v. Jackson,* No. 1:11–cv–0001–CMA–MEH (D. Colo.); *National Parks Conservation Assn. v. Jackson*, No. 1:11–cv–1548 (D.D.C.); and *WildEarth Guardians v. Jackson,* 1:10-cv-01218-REB –BNB (D. Colo.). In each of these cases, EPA entered into binding consent decrees that (1) govern how and when EPA will act on the States' Regional Haze SIPs and (2) may only be altered by EPA or the nongovernmental organization that brought the suit.

therefore not parties to the settlements, the States have no ability to meaningfully participate in crafting these legally binding agreements, most of which ultimately require the States to enforce significant regulatory matters in a certain way. This directly results in minimizing the substantive role of the States in many energy, land use, and environmental regulatory programs in a manner that is contrary to the cooperative federalism structure set forth in federal law and the United States Constitution.

Specific to the scope of Plaintiff's FOIA Request, the CAA establishes "a comprehensive national program that makes the States and the Federal Government partners in the struggle against air pollution." *Gen. Motors Corp. v. United States*, 496 U.S. 530, 532 (1990). While based on a cooperative-federalism approach, the CAA recognizes that "air pollution prevention . . . and air pollution control at its source is the **primary responsibility of States and local governments**." 42 U.S.C. § 7401(a)(3) (emphasis added); *see also id.* § 7407(a) ("Each State shall have the primary responsibility for assuring air quality within the entire geographic area comprising such State . . . ."). The Visibility Program, CAA § 169A, (commonly also referred to as the Regional Haze program and which is the subject of the records sought by Plaintiffs in their FOIA Request), specifically sets forth the natural visibility goal for the "prevent[ing] of any future, and the remedying of any existing, impairment of visibility in mandatory class I Federal areas, which impairment results from manmade air pollution." [3]

---

[3] The term "mandatory class I Federal areas" is defined as "Federal areas which may not be designated as other than class I." CAA § 169A(g)(5). "Class I" areas include international parks and national wilderness areas. *See* CAA§ 162(a).

4

42 U.S.C. § 7491 (a).

The Visibility Program vests the States with the authority to develop and implement SIPs. *See* 42 U.S.C. § 7491; *accord Am. Corn Growers Ass'n v. EPA*, 291 F.3d 1, 7-8 (D.C. Cir. 2002) ("We agree … [that] the Act's provisions giv[e] the states broad authority over" making Regional Haze SIP determinations.) EPA, for its part, is tasked with issuing regulations that direct States to submit SIPs containing "such emission limits, schedules of compliance and other measures as may be necessary" towards implementation of the program to make reasonable progress toward meeting" the national visibility goal.[4] 42 U.S.C. § 7491(b)(2). Because of the clear authority vested in the States to develop and implement their Regional Haze SIPs, the Plaintiff States are concerned with EPA's disregard of the States authority and repeated practice of entering into binding consent decrees with parties other than the States that dictate how and when the Agency is to take action on a State's Regional Haze SIP.[1] It was this concern that caused the States to serve EPA with a FOIA request seeking records concerning EPA's settlements with nongovernmental organizations.

On August 10, 2012, Plaintiff States and South Dakota submitted to EPA a FOIA request, ("**First FOIA Request**") seeking records concerning "the scope and application of the EPA Administrator's non-discretionary duty to take certain actions under the [CAA] …., the Clean Water Act …., or the Resource Conservation and Recovery Act…" related to the requesting State SIPs under the CAA or administration of any provision of

---

[4] In its regulations, EPA established that the national goal of achieving natural visibility conditions be attained by the year 2064. 40 C.F.R. §51.308(d)(1)(i)(B). Notably, these are the first of many SIPs that States will submit over the course of the 50-year program.

these federal environmental programs. *See* Ex. A to P. Clayton Eubanks, Assistant Attorney General of the State of Oklahoma Affidavit ("**Affidavit**").  In the First FOIA Request, the States asked EPA to search for records regarding this subject from eighty identified interested organizations. *See Id.* at ¶3. The States also clearly identified in the First FOIA Request that the records requested would be used to educate the public concerning EPA's practice of settling with nongovernmental organizations, including the preparation of a report that would be made available for free on the Internet and in the States' federal depository libraries. *See Id.* at ¶4.

Despite the clearly stated intent of the States to use the records requested from EPA for public purposes, by letter dated August 21, 2012, EPA denied the States' fee waiver request. *See* Ex. B to Affidavit. The States timely appealed EPA's denial of its fee waiver request. *See* Ex. C to Affidavit. However, EPA never considered the States' appeal of the denial of the fee waiver request, because by letter dated September 14, 2012, EPA claimed that the First FOIA Request was too broad and therefore the request failed to describe adequately the records sought. *See* Ex. D to Affidavit. In its letter rejecting the First FOIA Request, EPA directed the States to contact EPA within 30 calendar days of October 1, 2012 "to discuss and modify [the] request to meet the requirements of the regulations."[5] *See* Ex. D at p.2 to Affidavit.

On October 26, 2012, P. Clayton Eubanks, Assistant Attorney General of the State of Oklahoma, sent to EPA an email requesting time to discuss a modification to the

---

[5] EPA's September 14 letter to Oklahoma was sent to an incorrect address. *See* Ex. D to Affidavit. On October 1, 2012, EPA mailed to Oklahoma at the correct address the September 14 letter.

6

description of records requested in the FOIA Request. *See* Ex. E to Affidavit. A second

email was sent to EPA on October 30, 2012 by Mr. Eubanks after EPA failed to respond

to the October 26 email. *See* Ex. F to Affidavit. And after several phone calls to EPA by

Mr. Eubanks, the Agency contacted Mr. Eubanks and discussed with him how the FOIA

request should be revised so that it would satisfy EPA's criteria. Based upon EPA's

guidance to Mr. Eubanks, the States submitted the revised FOIA Request seeking records

from only 17 – not 80 – identified Interested Organizations and concerning only one

Clean Air Act program, the Visibility Program. *See* Compl. Ex. 1.

The February 6, 2013 FOIA Request seeks records concerning only the Visibility

Program and EPA's penchant for entering into legal settlements with non-governmental

organizations regarding implementation of the program. Specifically, the FOIA Request

seeks records concerning:

> i.      the scope and application of the EPA Administrator's non-discretionary duty to take certain actions under the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2);

> ii.     the course of action to take with respect to any Regional Haze State Implementation Plan ("SIP") required to be submitted to the U.S. Environmental Protection Agency ("EPA") pursuant to CAA § 169A for any State;

> iii.    the course of action to be taken with respect to any administrative or judicial order, decree or waiver entered, or proposed to be entered concerning any Regional Haze SIP (the "Subject").

(the "**Subject Matter**"). Compl.  Ex. 1 at p. 1-2.

Further, the FOIA Request specifically identifies the dates of the records requested

– January 1, 2009 through February 6, 2013; the EPA offices and seventeen specific

organizations that would have been in receipt of or authored the records requested; and a fee waiver request. *See* Compl. Ex. 1 to the Complaint. Since the records requested in the FOIA Request will be used by the States to educate the public on EPA's practice of adopting national environmental policy through the settlement of lawsuits brought by nongovernmental organizations and without consultation with their State partners, the States sought a fee waiver from EPA pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Compl. Ex. 1 at 5.

Just as EPA denied the fee waiver request contained in the First FOIA Request, EPA denied the States' February 6, 2013 fee waiver request. *See* Complaint at ¶22. The States timely filed with EPA an appeal of the Agency's denial of the fee waiver request. *See id.* at ¶23. On May 31, 2013 EPA rejected the States' FOIA Request on the premise that it "fails to adequately describe the records sought," despite the States' efforts to work with EPA to revise the subject of the records requested. *See* Complaint at ¶25.

## LEGAL STANDARD GOVERNING MOTIONS TO DISMISS

"[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The two elements that form the basis of this standard are: (1) a plaintiff must provide "specific factual allegations to support each claim", *Twombly*, 550 U.S. at 555; and (2) only a complaint that "states a plausible claim for relief survives a motion to dismiss," *Iqbal,* 556 U.S. at 679. The factual allegations offered must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at

555. And to "[d]etermine whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. However, "[u]nder Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## LEGAL STANDARD GOVERNING REVIEW OF FOIA DENIALS

"A district court reviews *de novo* an agency's decision on an FOIA request." *Jones v. F.B.I.*, 41 F.3d 238, 242 (6th Cir.1994) (citing 5 U.S.C. § 552(a)(4)(B)). FOIA specifically provides that "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989), *Knight v. Food & Drug Admin.*, 938 F. Supp. 710, 715 (D. Kan. 1996). The alleged failure of a FOIA requester to exhaust its administrative remedies is considered an affirmative defense and "the defendant bears the burden of pleading and proving it." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir.1997). If the defendant meets this burden, then the plaintiff "bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 104 (D.D.C. 2009).

Further, under FOIA, a plaintiff's failure to exhaust its administrative remedies is "a prudential consideration, not a jurisdictional prerequisite, and therefore a plaintiff's

failure to exhaust does not deprive the court of subject-matter jurisdiction." *Ramstack*, 607 F. Supp. 2d at 101. Though as a prudential consideration, a failure to exhaust administrative remedies under FOIA may in limited circumstances prevent judicial review. Denying judicial review may be appropriate only if it would " 'prevent[ ] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.' " *Id.* at 102 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

## ARGUMENT

I.   **The Motion To Dismiss Must Be Denied Because EPA Fails To Show That Plaintiffs' FOIA Request Does Not Reasonably Describe The Records Requested.**

### A. FOIA Employs A Liberal Standard For Identifying Records.

FOIA is "a means for citizens to know 'what their Government is up to.' This phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a real democracy." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171-72, (2004) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989)). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

The Supreme Court has "repeatedly … stressed the fundamental principle of public access to Government documents that animates the FOIA. 'Without question, the Act is broadly conceived. It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands.'" *John Doe*, 493 U.S. at 151-52 (quoting *EPA v. Mink*, 410 U.S. 73, 80 (1973)). "FOIA is designed to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Knight*, 938 F. Supp. at 715 (quoting *Anderson v. Dep't of Health & Human Serv's*, 907 F.2d 936, 941 (10th Cir. 1990) (internal quotation marks omitted). The policy Congress established with FOIA is particularly meaningful when Congress also specifically acted to give the States a primary decision and implementation role under the CAA's Visibility Program. *See Am. Corn Growers*, 291 F.3d 7-8.

To open a federal agency's records to the light of day, a FOIA request "must (i) reasonably describe such records and (ii) be made in accordance with published rules." 5 U.S.C. § 552(a)(3)(A)(i)-(ii). Congress added the term "reasonably describe in 1974. Prior to the 1974 amendment, FOIA required requesters to make "request[s] for identifiable records." *See, e.g.*, *Truitt v. Dep't of State*, 897 F.2d 540, 544 (D.C. Cir. 1990). Congress replaced the term "identifiable records" with "reasonably describe[d]" records because federal agencies were using "the identification requirements as an excuse for withholding documents." *Id.* The Senate Report accompanying the FOIA amendments "emphasized that '[w]hile the committee does not intend by this change to authorize broad categorical requests where it is **impossible** for the agency reasonably to determine

what is sought, ... it nonetheless believes that the identification standard in the FOIA should not be used to obstruct public access to agency records.'" *Id.* at 545 (quoting S. Rep. No. 93-854 at 10, 93d Cong., 2d Sess. (1974)) (emphasis added). The Senate Report makes abundantly clear that the use of the term 'reasonably describe' "makes explicit **the liberal standard for identification** that Congress intended and that courts have adopted, and should thus create no new problems of interpretation." S. Rep. No. 93-854 at 10 (emphasis added).

Since the 1974 FOIA Amendments, courts have reaffirmed the liberal standard for records identification that agencies must employ. "When … an agency becomes reasonably clear as to the materials desired, FOIA's text and legislative history make plain the agency's obligation to bring them forth." *Truitt*, 897 F.2d at 544. Thus, when determining whether a request reasonably describes the records sought, "[t]he linchpin inquiry is whether 'the agency is able to determine precisely what records are being requested.' " *Dale v. I.R.S.*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) (quoting *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C.Cir.1997)). So long as the description is sufficient to allow an employee of the agency who is familiar with the subject area to "locate the record with a reasonable amount of effort," the FOIA request will be found to have met the "reasonably described" standard. *Id.* (quoting *Marks v. United States*, 578 F.2d 261, 263 (9th Cir.1978)). EPA's FOIA regulations provide additional criteria that a requester should, if it is possible, tailor a FOIA request to include. Specifically, EPA requires that "**whenever possible** [a] request should include the date, title or name, author, recipient, and subject matter," of the records requested. 40 C.F.R. § 2.102(c) (emphasis added).

**B.  Plaintiffs' FOIA Request Satisfies 5 U.S.C. §552(a)(3)(A) and EPA's FOIA Regulations.**

On its face, the FOIA Request satisfies FOIA's reasonably described standard and EPA's FOIA Regulations. The FOIA Request specifically defines the Subject Matter of the records Plaintiffs seek. The Subject Matter is limited to the narrow issue of EPA entering into binding consent decrees with nongovernmental organizations concerning the EPA Administrator's duties under CAA § 169A. *See* Compl. Ex. 1 at 1-2. Plaintiffs identified the specific CAA provisions that govern the Administrator's duties. *See id.* Plaintiffs' FOIA Request specifies the time frame for the records Plaintiffs seek--January 1, 2009-February 6, 2013. *Id.* at 1. Further, Plaintiffs' FOIA Request identifies the specific EPA offices and officials to that would have authored or received the records, as well as the "Interested Organizations[6]" that EPA communicated with. *See id.* at 1-2.

In response, Defendant asserts a boiler plate objection (consistent with EPA's apparent internal policy, *see* Compl. Ex. 7 at 6) that the request does "not reasonably describe the requested records, and fails to comply with applicable agency regulations." Motion at 7; *see also* Motion at 11. Sidestepping the specificity contained in Plaintiffs' FOIA Request, Defendant instead focuses on: (1) Plaintiffs used the phrases "any and all documents" that "discuss or in any way relates" to the subject matter; and (2) that

---

[6] As defined in the FOIA Request, the "Interested Organizations" are: National Parks Conservation Association, Montana Environmental Information Center, Grand Canyon Trust, Dine Citizens Against Ruining Our Environment, Dakota Resource Council, Dacotah Chapter of Sierra Club, San Juan Citizens Alliance, Our Children's Earth Foundation, Plains Justice, Powder River Basin Resource Council, Sierra Club, Environmental Defense Fund, WildEarth Guardians, Natural Resources Defense Council, and Western Resource Advocates. *See* Compl. Ex. 1 at 2.

Plaintiffs asked EPA not to limit to its response to the FOIA Request to just those seventeen defined Interested Organizations, but to include "Other Organizations" that also communicated with EPA on the clearly defined Subject Matter. Motion at 11-12. Defendant never alleges that Plaintiffs' description of the Subject Matter requested in the FOIA Request is not reasonably described, only that the use of phrases which seek EPA to conduct a comprehensive search of its records must mean that "Plaintiffs have not identified the documents requested with sufficient precision." Motion at 11. As set forth below, it is evident that Defendant is simply perpetuating EPA's standard protocol to deny FOIA requests as overbroad without ever actually considering what the requests seek, because Plaintiffs' FOIA Request clearly satisfies 5 U.S.C. §552(a)(3)(A) and EPA's FOIA regulations. *See* Compl. Ex. 7 at 6.

> 1.  Plaintiffs have identified the records requested with sufficient precision and EPA is required to conduct a search for those records because it has failed to show that such a search would be burdensome.

Defendant asserts that the use of the phrases "any and all documents" that "discuss or in any way relates" amounts to a "broad, sweeping" request that lacks specificity and cannot be fulfilled. Motion at 13. In support of this strained argument, Defendant cites to a litany of cases. However, when closely reviewed, none of those cases contains facts that bear any resemblance to the facts in this case and therefore should not be afforded any weight by this Court.

For instance, Defendant cites to *Massachusetts v. U.S. Dep't of Health and Human Servs.,* 727 F.Supp. 35 (D.Mass. 1989) in which the Court was asked to determine whether the U.S. Department of Health and Human Services properly withheld the

release of five confidential records pursuant to FOIA exemption 552(b)(2). *727 F.Supp.* at 36. The question of whether the Plaintiff's FOIA request in that case was overbroad was not at issue. However, in a footnote in its opinion, the Court states that "[a] request for all documents 'relating to' a subject is **usually** subject to criticism as overbroad." *Id.* at 36 n.2 (emphasis added). In that footnote, the Court cites to no cases or statutes that support (or explain why) use of the phrase "relating to" in a FOIA request can render the request overbroad. *See id.* The Court only noted that the use of such a phrase in a FOIA request may leave the request open to criticism for over-breadth.

In Plaintiffs' FOIA Request, the use of the phrases "any and all documents" and "that discuss or in any way relates to" were clearly tied to the Subject Matter and involved seventeen specific organizations over the course of a specific four year period of time. Plaintiffs' FOIA Request was specific and the use of the phrases "any and all documents" and "that discuss or in any way relates to" were included in a specific context merely to emphasize the desire that a thorough review of EPA's records be completed.

Further, Defendant cites to *Assassination Archives & Research Ctr, Inc. v. C.I.A.,* 720 F. Supp. 217 (D.D.C. 1989), to claim wrongly that Plaintiffs' FOIA Request was not framed with sufficient particularity to enable EPA to conduct a search of its records. Motion at 13. One issue in *Assassination Archives* was whether the Court should order the Central Intelligence Agency ("CIA") to conduct additional searches of its records after the plaintiff alleged that the CIA had not conducted a "proper search" because it did not produce records that plaintiff assumed existed. 720 F. Supp. at 219. In denying the

15

FOIA request that the CIA conduct additional searches of its records, the Court noted "that it is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Id.* Unlike *Assassination Archives*, EPA has yet to offer any evidence as to why it cannot conduct a search of its records for the clearly defined Subject Matter identified by Plaintiffs, protesting only that even to conduct a search for Plaintiffs' records would be burdensome. Motion at 16.

Defendant never explains why the narrowly defined Subject Matter and the additional criterion provided by Plaintiffs of specific dates and seventeen named nongovernmental organizations is not specific enough to permit EPA to search its records. As set forth in *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 61 (D.D.C. 2013), a FOIA request must at least "identify the documents sought with [a] modicum of specificity" to avoid a "fatally overbroad and burdensome" request. Plaintiffs have clearly exceeded the "modicum of specificity" standard noted in *Freedom Watch*. The FOIA Request identifies the specific CAA program at issue and specifies State Regional Haze SIPs related thereto, provides citations to the statutory section of the CAA involved, and identifies the seventeen specific nongovernmental organizations involved. Plaintiffs' Request is not abroad and unbounded fishing expedition such as Freedom Watch's request seeking "just about everything … regarding, among other things, Iran, China, Venezuela, Russia, sanctions, waivers, and communications between

the Secretary of State, the Secretary of the Treasury, and the President." *Freedom Watch*, 925 F. Supp. 2d at 61.

Nor is Plaintiffs' FOIA Request similar to the litany of FOIA cases in which the FOIA requester made "broad, sweeping" requests that failed to provide the agency the ability to identify the records requested. For instance, in *Dale,* a taxpayer sought from the Internal Revenue Service ("IRS") all records that the agency had concerning the taxpayer. *Dale*, 238 F. Supp. 2d at 101. In his request, the taxpayer failed to include specific pieces of information that the IRS FOIA regulations require, such as the subject matter, location of the records, and years at issue. *See* 26 C.F.R. § 601.702(c)(7); *see also Dale*, 238 F. Supp. 2d at 101, 104. Because of the taxpayer's failure to provide this basic information required by the IRS's regulation, the IRS rejected the taxpayer's initial FOIA request and the Court concurred that the request was overbroad on its face.

Similarly, in *Fonda v. C.I.A.,* 434 F. Supp. 498, 501 (D.D.C. 1977), a request for all records that the CIA possessed concerning the requester was overbroad because there were no criterion which the CIA could apply to determine whether a record concerned the requester. In the FOIA Request at issue here, Plaintiffs provided EPA with three criterion: the name of seventeen organizations to search, the subject matter of the communications, and a specific time frame to limit the search to.

Similar to the scope of the FOIA request made in *Fonda,* the plaintiffs in *Marks*, *Mason v. Callaway,* 554 F.2d 129 (4th Cir. 1977), *Gaunce v. Burnett,* 849 F.2d 1475 (9th Cir. 1988)*,* and *Irons v. Schuyler,* 465 F.2d 608 (D.C. Cir. 1972), all made FOIA requests that effectively asked for every piece of paper concerning either themselves or a broad

17

subject without any criterion to narrow the search. Contrary to these cases, the scope of

Plaintiffs' FOIA Request is reasonably specific and narrow and there is no evidence

provided by Defendant as to why EPA is unable to search for and identify the records

requested.

2. Plaintiffs' request that EPA conduct its search over the course of a specified four-year time frame is not overbroad or burdensome.

Defendant's assertion that conducting a search for Plaintiffs' requested records for

the period of January 1, 2009 through February 6, 2013 is unreasonably burdensome is

without merit. Defendant wrongly relies on *Hainey v. U.S. Dep't of the Interior*, 925 F.

Supp. 2d 34, 38-39 (D.D.C. 2013), to argue that searching for four years' worth of

records is burdensome. Motion at 14. In *Hainey* the Department of Interior determined

that to conduct a search of emails over a two-year period that belonged to a twenty-five

employee task force concerning a broad subject would be burdensome. 925 F. Supp. 2d at

38. In its efforts to respond to plaintiff's FOIA request, the Department of Interior

proposed narrowing the scope of the subject matter searched. *Id.* at 39. By narrowing the

scope, the Department of Interior could conduct a search of all twenty-five employees'

emails over the course of the two-year period. *Id.* at 39. The issue in *Hainey* was not the

period of time that the FOIA request covered but the scope of the request. Because

Plaintiffs' identified a narrow Subject Matter, conducting a search of that Subject Matter

over a four year period should not be unduly burdensome and EPA has offered no

evidence to the contrary.

3. Plaintiffs' request that EPA include in its search "Other Organizations" does not render Plaintiffs' FOIA Request overbroad or burdensome.

18

Defendant asserts that, because Plaintiffs' FOIA Request asks that EPA include "Other Organizations" in its search for the Subject Matter, such a request renders the entire FOIA Request overbroad. Motion at 16. Plaintiffs' FOIA Request identified seventeen specific non-governmental environmental organizations that have communicated with EPA regarding the Subject Matter. *See* Compl. Ex. 1 at 2. Plaintiffs also ask that EPA not exclude from its search Other Organizations who Plaintiffs defined as "environmental or natural resource advocacy and policy" groups. *See id.* at 1. Defendant asserts that asking EPA to include "Other Organizations" in its records search "would require EPA to determine the mission of an unknown number of organizations who have communicated with EPA regarding the CAA." Motion at 16. Defendant's claims are inaccurate and grossly mischaracterize the nature and scope of Plaintiffs' FOIA Request.

First, Plaintiffs' FOIA Request pertains to a very narrow Subject Matter – judicial orders regarding the EPA Administrator's duties to take certain actions under 42 U.S.C. § 7604(a)(2) related to the requesting States' SIPs under the CAA § 169A Visibility Program. Defendant's assertion that it would have to consider all communications "regarding the CAA" is utterly false – only one specifically identified CAA program is at issue in the Subject Matter of Plaintiffs' FOIA Request. Second, the records requested pertaining to the Visibility Program are only in the context of the Administrator's non-discretionary duty to take certain actions required under the Visibility Program and the legally binding settlements with these non-governmental organizations that EPA has entered into. As such, the scope of the search is reasonably and narrowly defined and

presumably the number of non-governmental organizations that have corresponded with EPA on this narrow subject is small.

However, assuming that EPA could demonstrate with some credible evidence that including in its search records that include Other Organizations is burdensome, nothing prohibited EPA from working with Plaintiffs to narrow the scope of the search to just the seventeen identified Interested Organizations. As the Department of Interior did in *Hainey*, an agency always has discretion to work cooperatively with a FOIA requester to identify ways to narrow the scope of a FOIA request without summarily denying the entire request. Rather than explore whether any modest adjustment to the scope of the FOIA Request was possible, EPA instead issued a wholesale rejection of the Request with the assertion that it is "overbroad." EPA's sweeping denial of Plaintiffs' valid FOIA Request is consistent with its standard protocol to avoid compliance with FOIA by claiming the request is overbroad. *See* Compl. Ex. 7 at 6.

    4.  Plaintiffs' request that EPA search several EPA offices does not render Plaintiffs' FOIA Request overbroad or burdensome.

Defendant alleges without merit that Plaintiffs' request that EPA conduct its search in each of its ten Regional Offices and six out of the eleven headquarter offices would "reduce [the] agenc[y] to full-time investigators on behalf of requesters.". Motion at 16 (quoting *Dale*, 238 F. Supp. 2d at 104). Defendant never explains how or why conducting a search of the records requested in the specified EPA offices can or cannot be completed. Specifically, Defendant never explains, for example, how Plaintiffs' request is incompatible with EPA's records system, the amount of time that it would take

20

to conduct the search, or how many FOIA investigators would be assigned to the request. Rather, Defendant simply offers no evidence that would support its assertion that Plaintiffs' request is burdensome.

Further, Defendant's reliance on *Dale* is misplaced. The Court in *Dale* concluded that the taxpayer's FOIA request was invalid on its face because it had undeniably failed to comply with the IRS's FOIA regulations.

> Dale's broad request would not permit an IRS employee to locate the records with a 'reasonable amount of effort,' since his FOIA request **does not specify what records he seeks, for what years, and located at which office** of the IRS. Absent some description of the actions the agency may have taken against him (investigation, audit, revocation of tax exempt status, etc.), the particular records sought, and any relevant dates and locations, agency employees would not know where to begin searching.

*Dale*, 238 F. Supp. 2d 99 104-05 (emphasis added). Put another way, Dale provided no starting point for an IRS employee to even begin a search of the agency's records. It was in this specific factual context that the Court in *Dale* determined that to satisfy the FOIA request would require the IRS to become "full-time investigators." *Id.* at 104.

Unlike *Dale*, Plaintiffs clearly identified in their Request that they are seeking the disclosure of communications between EPA and specific nongovernmental organizations concerning the EPA Administrator's non-discretionary duty to act with "respect to any Regional Haze State Implementation Plan…pursuant to CAA § 169A," and EPA's "course of action to be taken with respect to any administrative or judicial order, decree or waiver … concerning any Regional Haze SIP." Compl. Ex. 1 p. 2. Further, Plaintiffs provided EPA with a specific time frame, January 1, 2009 to February 6, 2013, within

21

which to search for such records. *Id.* at 1. And Plaintiffs also clearly identified the EPA

offices that the records would be located. *Id.* at 2-3.

Nor does Plaintiffs' FOIA Request bear any similarity to the one made in *Am.*

*Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203 (D.C.

Cir. 1990) ("*AFGE*"), as Defendant wrongly asserts. Motion at 17. In *AFGE*, plaintiff

sought from the U.S. Census Bureau:

>    A.    Inspection of every chronological office file and correspondence file,
>    internal and external, for every branch office, staff office, assistant division
>    chief office, division chief office, assistant director's office, deputy
>    director's office, and director's office;
>
>    B.    Inspection of every division or staff administrative office file in the
>    Bureau which records, catalogues, or stores SF-52s[7] or stores promotion
>    recommendation memos, or both.

*AFGE*, 907 F.2d at 205.

Unlike the FOIA request in *AFGE* that asked for every single file in every office of

the Census Bureau to be searched for personnel files, Plaintiffs' FOIA Request is limited

to a narrow Subject Matter and to several specific EPA offices. Plaintiffs are not asking

EPA to search every correspondence file in every office concerning the entire Visibility

Program. To the contrary, Plaintiffs' FOIA Request is limited to several EPA offices and

seeks information concerning judicial orders regarding the EPA Administrator's non-

discretionary duty to take certain actions concerning State SIPs under 42 U.S.C. §

7604(a)(2) as it relates to the CAA § 169A Visibility Program. Defendant has failed to

---

[7] An SF-52 is an official government form, used in connection with personnel actions.
*AFGE*, 907 F.2d at 205.

show that conducting a search in several EPA offices for the narrowly defined Subject

Matter is somehow burdensome.

**II.      The Court Must Deny The Motion To Dismiss Because EPA Fails To
          Show That Plaintiffs Failed To Perfect Their FOIA Request.**

Defendant asserts that Plaintiffs' alleged failure to reasonably describe the records

requested means that Plaintiffs did not perfect their FOIA Request and therefore have

failed to exhaust their administrative remedies. Motion at p.7 n.3 and p. 20. Defendant's

allegation that Plaintiffs failed to exhaust their administrative remedies is an affirmative

defense and therefore must be supported by evidence. *See Ramstack*, 607 F. Supp. 2d

104. Only if Defendant meets its burden of proof, then Plaintiff bears the "burden of

pleading and proving facts supporting equitable avoidance of the defense." *Id.* (quoting

*Bowden,* 106 F.3d 437).

As set forth *supra*, Defendant has failed to demonstrate that Plaintiffs' FOIA

Request does not reasonably describe the records requested. Rather, Defendant ignores

that Plaintiffs, after consultation with EPA, narrowly constructed a request for specific

records and provided EPA with criterion necessary to easily identify those records.

Defendant provides no evidence that Plaintiffs' FOIA request does not reasonably

describe the records requested or that conducting a search for the requested records

would be burdensome. Instead, EPA has again employed its apparent standard protocol to

deny valid FOIA requests by claiming they are "overbroad," when in fact they are not. In

a recent email exchange disclosed by EPA as a result of a FOIA request, an EPA official

advised a Region 6 EPA employee that "standard [EPA] protocol" is to tell all

23

"requestor[s] that they need to narrow their [FOIA] request because it is overbroad," exactly what happened here. *See* Compl. Ex. 7 at 6.

As demonstrated *supra* Plaintiffs' FOIA Request provides more than "a modicum of specificity" and addresses the criteria EPA asks FOIA requesters to provide "whenever possible[.]" *Freedom Watch*, 925 F. Supp. 2d 61; 40 C.F.R. § 2.102(c). EPA must therefore provide specific evidence demonstrating why the FOIA Request does not reasonably describe the records requested and why it cannot conduct a search of its records for the Subject Matter. Because EPA has not satisfied its burden to support its affirmative defense, its Motion to Dismiss should be denied.

## III.   EPA Effectively Denied Plaintiffs' Appeal Of The Agency's Denial Of The Fee Waiver And Therefore The Matter Is Properly Before This Court.

By way of a footnote, Defendant asserts that EPA's May 31, 2013 denial "did not reach the waiver issue as it was denied as improper, rendering the fee waiver issue is *[sic]* moot." Motion at 5 n.2. And according to EPA, because there was no ruling on the denial of Plaintiffs' fee waiver, Plaintiffs have failed to exhaust their administrative remedies. However, a reasonable reading of EPA's May 31, 2013 denial of Plaintiffs' FOIA Request clearly shows that EPA has denied Plaintiffs' appeal of its fee waiver denial.

The FOIA fee waiver provision does not expressly require a claimant to exhaust their remedies before seeking judicial review. *See Voinche v. U.S. Dep't of Air Force,* 983 F.2d 667, 669 (5th Cir. 1993). "In any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo: Provided, that the court's

24

review of the matter shall be limited to the record before the agency." 5 U.S.C.A. § 552 (a)(4)(A)(vii). EPA states in its May 31 denial letter that while it was closing the fee waiver appeal file, and "[a]lthough I need not address the merits of your fee waiver request and appeal at this time, I have included the following discussion in order to assist you in submitting any properly formulated request for records and a waiver of fees." Compl. Ex. 6 at p. 3. EPA then proceeds over the course of three pages to discuss in detail why EPA is rejecting the points raised by Plaintiffs on appeal of its fee waiver. *See Id.* at p. 3-7. Plaintiffs filed an appeal and EPA, through its May 31 denial, has taken action on Plaintiffs' appeal. There is a record of EPA's actions and denial of Plaintiffs' appeal of EPA's denial of the fee waiver request that this Court can consider. Accordingly, this Court should proceed with Plaintiffs' claims against EPA concerning the Agency's denial of the fee waiver appeal.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request the Court deny Defendant's Motion to Dismiss.

Dated: November 6, 2013

Respectfully submitted,

E. SCOTT PRUITT, OBA #15828
Oklahoma Attorney General

s/ Paul M. Seby
Paul M. Seby
Special Assistant Attorney General
Marian C. Larsen
Special Assistant Attorney General
Seby Larsen LLP
165 Madison Street
Denver, CO 80206
Telephone: (303) 248-3772
Email: paul.seby@sebylarsen.com
Email: mimi.larsen@sebylarsen.com


Tom Bates, OBA #15672
First Assistant Attorney General
Patrick R. Wyrick, OBA #21874
Oklahoma Solicitor General
P. Clayton Eubanks, OBA #16648
Oklahoma Deputy Solicitor General
Office of the Attorney General of Oklahoma
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-8992
Facsimile:   (405) 522-0085
Email: tom.bates@oag.ok.gov
           patrick.wyrick@oag.ok.gov
           clayton.eubanks@oag.ok.gov

**Counsel for Plaintiff the State of Oklahoma**

26

s/ Luther Strange
LUTHER STRANGE
Alabama Attorney General
Andrew L. Brasher
Deputy Solicitor General
Office of the Alabama
Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 353-2609
abrasher@ago.state.al.us

***Counsel for Plaintiff the State of Alabama***

s/ Thomas C. Horne
THOMAS C. HORNE
Arizona Attorney General
James T. Skardon
Assistant Attorney General
1275 W. Washington Street
Phoenix, AZ 85007
(602) 542-5025
Attorneys for State of Arizona
James.Skardon@azag.gov

***Counsel for Plaintiff the State of Arizona***

s/ Sam Olens
SAM OLENS
Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
(404) 656-3300 (phone)
(404) 463-1519 (fax)

***Counsel for Plaintiff the State of Georgia***

s/ Derek Schmidt
DEREK SCHMIDT
Attorney General of Kansas
Jeffrey A. Chanay
Deputy Attorney General, Civil Litigation
Division
120 SW 10th Avenue, 3rd Floor
Topeka, KS 66612-1597
(785)296-2215 Phone
(785)291-3767 Fax
jeff.chanay@ksag.org

***Counsel for Plaintiff the State of Kansas***

s/ Bill Schuette
BILL SCHUETTE
Michigan Attorney General
S. Peter Manning (P45719)
Neil D. Gordon (P56374)
Assistant Attorneys General Environment, Natural
Resources, and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-7540
ManningP@michigan.gov
GordonN1@michigan.gov

***Plaintiff on Behalf of the People of Michigan***

s/ Jon Bruning
JON BRUNING
Nebraska Attorney General
Katherine J. Spohn
Deputy Attorney General State of Nebraska
2115 State Capitol
Lincoln, NE 68509
402-471-2682
Katie.Spohn@nebraska.gov

***Counsel for Plaintiff the State of Nebraska***

s/ Wayne Stenehjem
WAYNE STENEHJEM
North Dakota Attorney General
Margaret I. Olson
Assistant Attorney General
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Tel:   (701) 328-3640
Fax:   (701) 328-4300
maiolson@nd.gov

**Counsel for Plaintiff the State of North Dakota**

s/Alan Wilson
ALAN WILSON
South Carolina Attorney General
ROBERT D. COOK
Solicitor General
J. EMORY SMITH, JR. Deputy
Solicitor General Office of the
Attorney General Post Office
Box 11549
Columbia, South Carolina 29211
(803) 734-3680
Rcook@scag.gov
Esmith@scag.gov

**Counsel for Plaintiff the State of South Carolina**

s/ Greg Abbott
GREG ABBOTT
Texas Attorney General
Office of the Attorney General
300 W. 15th Street
Austin, TX 78701
(512) 936-1342
(512) 936-0545 (fax)

**Counsel for Plaintiff the State of Texas**

29

s/ John E. Swallow
JOHN E. SWALLOW Utah
Attorney General
Utah State Capitol Suite #230
PO Box 142320
Salt Lake City, Utah 84114-2320
Craig Anderson
Assistant Utah Attorney General
Office of the Utah Attorney General
195 North 1950 West, First Floor
Salt Lake City, Utah 84116
(801) 538-9600 Phone
craiganderson@utah.gov
*Counsel for Plaintiff the State of Utah*

s/Jay Jerde
PETER MICHAEL
Wyoming Attorney General
Jay Jerde
Deputy Attorney General
123 Capitol Building
200 W. 24th Street
Cheyenne, WY 82002
(307) 777-7841 Phone
jay.jerde@wyo.gov

*Counsel for Plaintiff the State of Wyoming*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of November, I caused the foregoing documents to be electronically filed with the Clerk of the Court by using the Court's CM/ECF system. All registered CM/ECF users will be served by the Court's CM/ECF system.

/s/ Paul M. Seby
Paul M. Seby