IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. CIV-13-0726-M |
| ) | |
| ENVIRONMENTAL ) | |
| PROTECTION AGENCY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

In their memorandum in support of their motion to dismiss, defendant Environmental Protection Agency ("EPA") explained how Plaintiffs' complaint should be dismissed because Plaintiffs failed to submit a request for records that complies with the requirements of the Freedom of Information Act ("FOIA"). Plaintiffs' opposition does nothing to change this core conclusion. Plaintiffs say that its record request was sufficient, but it fails to address the weight of authority on which defendant relies. Because the record request did not comply with FOIA, for the reasons that follow, and for the reasons discussed in defendant's opening brief, defendant again respectfully request that the Court grant its motion to dismiss the complaint.

**ARGUMENT**

**I.      PLAINTIFFS' HAVE NOT SUBMITTED A PERFECTED FOIA REQUEST**

The law is not a matter of dispute here. As defendant explained in its opening brief, and as Plaintiffs acknowledge in their opposition, FOIA requires an individual who

would take advantage of its access provisions to reasonably describe the records sought. *See* Def's Mem. of P. & A. in Supp. of Their Mot. to Dismiss ("Def's Mem.") (Doc. No. 18) at 9; Pls' Opp'n to Def's Mot. to Dismiss ("Pl.'s Opp'n") (Doc. No. 21) at 11. While there is no question "that FOIA mandates a strong presumption in favor of disclosure," *Judicial Watch. Inc. v. U.S. Dep't of Justice*, 857 F.Supp.2d 44, 52 (D.D.C. 2012) (quotation marks and citations omitted), that presumption does not mean that an agency must always disclose requested records. *See, e.g.*, *Judicial Watch*, 857 F.Supp.2d at 48 ("[T]his Court will not order the release."). Moreover, an agency is only in a position to violate FOIA if it receives a valid FOIA request, *see Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) ("An agency's obligations commence upon receipt of a valid request."), and that has not happened here.

The claims against defendant must be dismissed as Plaintiffs failed to submit a proper FOIA request. See Def. Mem. at 8-20. In support of its motion to dismiss, Defendant cited cases in which courts have held that document requests substantially similar to Plaintiffs did not comply with FOIA. *See* Def's Mem. at 13-14, 16-17. These cases and these principles explain why this Court should dismiss this complaint. Proper FOIA requests must "reasonably describe" the records sought, 5 U.S.C. § 552(a)(3)(A), which means that the description must "enable a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Keys v. Dept. of Homeland Security*, 2009 WL 614755, *5 (D.D.C. March 10, 2009) (citation omitted); *see* Def's Mem. at 9; *see also* Pls' Opp'n at 12. Defendant correctly determined that Plaintiffs' request for records across the agency

did not "reasonably describe" the records sought. Because failure to file a proper request constitutes a failure to exhaust administrative remedies, *Dale,* 238 F. Supp. at 103, this Court should dismiss the claims against defendant.

    A.    Plaintiffs' FOIA Request Fails to Reasonably Describe the Entities for Which Records are Sought.

Plaintiffs' primary argument in their opposition is that they have filed a valid FOIA request because it identifies requested records with "sufficient precision." Pls' Opp'n at 13-14. Plaintiffs' claim to attain "sufficient precision" by requesting "subject matter" records related to 17 "Interested Organizations," over a defined time period (four years) in particular offices of the EPA. Pls' Opp'n at 13-22. However, this argument is misplaced and their "sufficient precision" is illusory. Plaintiffs do not dispute that the measure of "sufficient precision," the professional employee test, is an objective one, *see* Def's Mem. at 10 & n.4, that even a record request that identifies the documents sought with reasonable precision can be deficient for imposing an unreasonable burden, *see id.* at 15, or that courts are empowered to make these determinations on a motion to dismiss, *see id.* at 18-20.[1]

As demonstrated in defendant's opposition, Plaintiffs' attempt to narrow their request to 17 "Interested Organizations" is meaningless due to the drafting of the request. Def's Mem. at 11-12. Along with searching for records related to the "Interested Organizations," the request also seeks documents from "Other Organizations," which

---

[1] Defendants in their opening brief explained as well how Plaintiffs failed to comply with applicable agency FOIA regulations. *See* Def's Mem. at 20-21.

Plaintiffs broadly defined as "any other non-governmental organization, including citizen organizations whose purpose or interest may include environmental or natural resource advocacy and policy." *See* Compl., Ex.1, at p. 1 (Sec. (a) of FOIA request).  Creating this back door category of unknown organizations places an unreasonable burden on defendant to attempt to identify those organizations and then locate possibly responsive records.  This makes the FOIA request facially overbroad and unduly burdensome.  This is especially true in light of the request seeking "*any and all documents*" from the EPA that "*discuss or in any way relates*" to both the "Interested Organizations" and the "Other Organizations."  *See generally* Compl. ¶ 20; Compl., Ex. 1, p.1.

    B.    Plaintiffs' FOIA Request Fails to Reasonably Describe The Components to Search Within Defendant Agency.

Plaintiffs' also claim their request is sufficiently precise because they have named certain components within EPA to conduct the search.  Pls' Opp'n at 20-22.  This argument fails for the same reasons listed above, namely, their "precision" is a scatter shot approach across almost the entire agency.  The request, as drafted, seeks copies of "any and all documents" sent or received by 6 out of the eleven headquarter offices and all 10 regional EPA offices "regarding the Subject including, but not limited to, documents sent by or received from individuals representing or employed by Interested Organizations or Other Organizations."  Compl., Ex. 1, p. 3.

In its Memorandum in Support of the Motion to dismiss, defendant cited to *Dale v. IRS*, 238 F. Supp. 2d 99 (D.D.C. 2002) to support dismissal for failure to narrow the breadth of EPA components.  Def's Mem. at 16. Plaintiffs argue that

4

defendant's citation to *Dale* is inapposite because, unlike the plaintiff in *Dale,* Plaintiffs have given EPA a starting point. Pls' Opp'n at 21. Plaintiffs' attempt to distinguish *Dale* is a distinction without a difference. While it is true, Plaintiffs have identified components of EPA to search, they have broadly identified 16 out of the 21 components. This is the practical equivalent of no identification at all and is certainly not the type of starting point envisioned by *Dale*. Plaintiffs' all-encompassing request to the majority of agency components would "'reduce [the] agenc[y] to full-time investigators on behalf of requesters,'" *Dale*, 238 F. Supp. 2d at 104 (quoting *Assassination Archives & Research Ctr. v. CIA*, 720 F. Supp. 217 (D.D.C.1989)).

    C.    Plaintiffs Have Not Submitted A Narrowly Defined "Subject Matter"

To distract from the over breadth of Plaintiffs' request for "any and all" records that "discuss or in any way relate" to EPA components and the "Interested Organizations," Plaintiffs argue that the request is tied to a narrowly defined "Subject Matter," Pls' Opp'n at 15 -- specifically, aspects of the Clean Air Act and Regional Haze State Implementation Plans. *See* Def's Mem. at 1-2. Despite Plaintiffs' assertions, the subject matter is far from narrowly defined. The language used in the subject request results in a broad and burdensome scope. For example, Plaintiffs seek any and all documents concerning "the scope and application of the EPA Administrator's non-discretionary duty to take certain actions under the Clean Air Act." *See* Compl., Ex.1, at p. 1. By using the vague language "certain actions," Plaintiffs would have EPA employees guessing which

5

of the hundreds of actions that the Administrator has a non-discretionary duty to perform in any given year Plaintiff might actually be interested in.

Plaintiffs' request for any and all documents concerning "the course of action to take with respect to any Regional Haze State Implementation Plan ('SIP')", *id.* at p. 2, is equally broad. Plaintiffs' request would require EPA employees to aimlessly search for records related to every one of dozens of regional haze actions. Finally, Plaintiffs seek any and all documents concerning "the course of action to be taken with respect to any administrative or judicial order, decree or waiver entered, or proposed to be entered concerning any Regional Haze SIP." *Id.* By requesting records related to any potential judicial order, decree, or waiver that relates to any of numerous actions, Plaintiffs essentially ask EPA employees to search for a needle in a haystack.

Plaintiffs claim defendant has not provided evidence why it cannot perform a search for their "clearly defined Subject Matter," which they assert is mandated by *Assassination Archives & Research Ctr. v. CIA*, 720 F. Supp. 217 (D.D.C.1989). Pls' Opp'n at 15-16. In analyzing *Assassination Archives,* Plaintiffs focus too narrowly on the Subject Matter of their request. Plaintiffs correctly point out that the court in *Assassination Archives* held it is the requesters' responsibility to properly frame their request so as to not be unreasonably burdensome and enable the agency to know what records are being requested. Pls' Opp'n at 15 (citing *Assassination Archives* 720 F. Supp. 217 at 219). It is for exactly this reason that Plaintiffs' argument is irrelevant and does

nothing to demonstrate that Plaintiffs have filed a valid FOIA request. While at first blush the scope of the subject matter may seem narrow, by the use of vague language, casting a wide net over EPA and seeking records from an undetermined number of "Interested Organizations." Plaintiffs' request does not leave defendant with a specific starting point. Rather, it leaves an overly broad topic to be searched over the breadth of the agency requiring defendant to identify an unknown number of "Interested" and "Other Organizations."

Ultimately, Plaintiffs' misinterpret the requirements of "'identifying documents sought with [a] modicum of specificity' to avoid a 'fatally overbroad and burdensome'" request. Pls' Opp'n at 16 (*citing Freedom Watch, Inc. v. Dep't of State,* 925 F. Supp. 2d 55, 61(D.D.C. 2013). Even if Plaintiffs had a narrow subject matter, which they do not, a requester cannot satisfy a modicum of specificity by only having a defined subject matter. Plaintiffs' subject matter does nothing to give EPA a realistic starting point that would allow a professional employee to search for records responsive to Plaintiffs' request. Rather, "since the requests asked for all records that relate to each subject area . . . they [are] inevitably subject to criticism as overbroad since life, like law, is a seamless web, and all documents relate to all others in some remote fashion." *Freedom Watch, Inc.*, 925 F. Supp. 2d at 61 (internal quotations and citations omitted) (*citing Massachusetts v. Dep't of Health & Human Servs.,* 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

> D. A Defined Time Period Cannot Validate an Otherwise Overbroad and Burdensome FOIA Request.

Plaintiffs also assert that the four year time frame for which it is seeking records is reasonable and, thus, take issue with Defendant's citation to *Hainey v. U.S. Dept. of Interior*, 925 F. Supp. 2d 34 (D.D.C. 2013). Plaintiffs claim the issue in *Hainey* was not the period of time the FOIA request covered. Pls' Opp'n at 18. However, this fact was relevant in the holding of the court. Plaintiff in *Hainey* sought a large number of records that implicated a two year time frame. *Id.* at 38. The court held that even a limited 2 year time period could not rescue an overly broad request. *Id.* at 44-45. It is the same in this case. It is unreasonable to search defendant agency given the breadth of Plaintiffs' request, even if it is for a delineated time period - - a time period two years longer than the time period in *Hainey*.

## II. Defendant Attempted to Work with Plaintiffs To Formulate a Valid FOIA Request.

Plaintiffs' opposition incorrectly claims defendant did not work with Plaintiffs to narrow the scope of their request in an attempt to craft a viable FOIA request. Pls' Opp'n at 20. But defendant attempted to provide assistance in its May 31, 2013 letter to Plaintiffs. *See* Compl., Ex. 6, at 3. Defendant suggested Plaintiffs provide key words for EPA to search as part of the request. *Id.* For example, Plaintiffs could have narrowed the request to include records "communicating with any *specifically identified* organization AND referencing settlement relating to the three subject areas [Plaintiffs] identify." *Id.* (emphasis in

original). Such a request would have allowed EPA staff familiar with the subject area to search and locate any responsive records. *Id.* EPA also made clear to Plaintiffs that if they chose to file a new FOIA request, EPA's FOIA office was available to provide information necessary for the filing of a proper FOIA request. *Id.* at 6.

### III. Plaintiffs Did Not Administratively Exhaust The Denial of Their Request for a Fee Waiver.

Finally, Plaintiffs continue to contest the validity of defendant's determination that the fee waiver issue is moot because it was not ruled upon by defendant in the denial of Plaintiffs' administrative appeal. Pl's Opp. at 24-25. The issue is moot because "[a]n agency's obligations commence upon receipt of a valid request," *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002), and that has not happened here. See Def. Mem. at 8-20. Since defendant's FOIA office determined Plaintiffs did not file a valid FOIA request at the outset, it concluded it was unnecessary to rule on the merits of their fee waiver claim. *See* Compl., Ex. 6, at 3.

While Plaintiffs are correct that denial of a fee waiver is reviewed *de novo* by the court, Pls' Opp'n at 24-25, such a review can only occur after the issue has been administratively exhausted. Plaintiffs may have administratively exhausted whether they filed a proper FOIA request, but there has been no final agency action on the fee waiver issue, thus the issue is not properly before this Court. *See Dettmann v. DOJ*, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (" . . . a plaintiff may

have exhausted administrative remedies with respect to one aspect of a FOIA request-and thus properly seek judicial review regarding that request-and yet not have exhausted her remedies with respect to another aspect of a FOIA request."); *see also Center For Biological Diversity v. U.S. Fish And Wildlife Service*, 703 F.Supp.2d 1243, 1249 (D. Colo. 2010) (*citing Dettmann*).  Thus, the fee waiver claim is moot, and must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant its motion to dismiss the complaint.

Dated: November 25, 2013  STUART L. DELERY
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director


/s/ James J. Schwartz
JAMES J. SCHWARTZ
District of Columbia Bar No. 468625
United States Department of Justice
Civil Division – Federal Programs Branch
Senior Counsel
20 Massachusetts Avenue, N.W.
Room 7144
Washington, D.C.  20530
Telephone:  (202) 616-8267
Fax:  (202) 616-8470
E-mail:  James.Schwartz@usdoj.gov