**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

STATE OF OKLAHOMA, et al., )
)
Plaintiffs, )
)
vs. ) Case No. CIV-13-726-M
)
ENVIRONMENTAL PROTECTION AGENCY, )
)
Defendant. )

**ORDER**

Before the Court is defendant's Motion to Dismiss, filed September 17, 2013. On November 6, 2013, plaintiffs filed their response, and on November 25, 2013, defendant filed its reply.

I. Introduction

This is an action by the Attorneys General of twelve states[1] under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended. On February 6, 2013, plaintiffs submitted a two part FOIA request to defendant Environmental Protection Agency ("EPA").[2] In their request, plaintiffs sought the following:

---

[1]The States involved are Oklahoma, Alabama, Arizona, Georgia, Kansas, Michigan, Nebraska, North Dakota, South Carolina, Texas, Utah, and Wyoming.

[2]Plaintiffs and South Dakota previously submitted to the EPA a FOIA request on August 10, 2012. In their first FOIA request, plaintiffs sought records concerning "the scope and application of the EPA Administrator's non-discretionary duty to take certain actions under the Clean Air Act . . . , the Clean Water Act . . . ., or the Resource Conservation and Recovery Act. . ." related to the requesting States' State Implementation Plans under the Clean Air Act or administration of any provision of these federal environmental programs. In the first FOIA request, plaintiffs asked the EPA to search for records regarding this subject from 80 identified interested organizations. On August 21, 2012, the EPA denied plaintiffs' fee waiver request, and on September 14, 2012, the EPA found the first FOIA request was too broad and failed to describe adequately the records sought.

any and all documents (including any and all written or electronic correspondence, audiotapes, electronic records, videotapes, photographs, telephone messages, voice mail messages, e-mails, facsimiles, daily agendas and calendars, information about meetings and/or discussions, whether in-person or over the telephone, agendas, minutes and a list of participants for those meetings and/or discussions, and transcripts and notes of any such meetings and/or discussions) from January 1, 2009, to the date of this letter that discuss or in any way relates to:

(a) any consideration, proposal or discussions with any Interested Organization (as that term is defined below), or any other non-governmental organization, including citizen organizations, whose purpose or interest may include environmental or natural resource advocacy and policy ("**Other Organizations**"), concerning:

i. the scope and application of the EPA Administrator's non-discretionary duty to take certain actions under the Clean Air Act ("**CAA**"), 42 U.S.C. § 7604(a)(2);

ii. the course of action to take with respect to any Regional Haze State Implementation Plan ("**SIP**") required to be submitted to the U.S. Environmental Protection Agency ("**EPA**") pursuant to CAA § 169A for any State;

iii. the course of action to be taken with respect to any administrative or judicial order, decree or waiver entered, or proposed to be entered concerning any Regional Haze SIP (the "**Subject**").

"**Interested Organizations**" is defined as any one of the following organizations:

- National Parks Conservation Association
- Montana Environmental Information Center
- Grand Canyon Trust
- Dine Citizens Against Ruining Our Environment
- Dakota Resource Council
- Dacotah Chapter of Sierra Club

- San Juan Citizens Alliance
- Our Children's Earth Foundation
- Plains Justice
- Powder River Basin Resource Council
- Sierra Club
- Environmental Defense Fund
- Wildearth Guardians
- Natural Resources Defense Council
- Western Resource Advocates
- Wyoming Outdoor Council
- Greater Yellowstone Coalition

(b) Copies of any and all documents (including any and all written or electronic correspondence, audiotapes, electronic records, videotapes, photographs, telephone messages, voice mail messages, e-mails, facsimiles, daily agendas and calendars, information about meetings and/or discussions, whether in-person or over the telephone, agendas, minutes and a list of participants for those meetings and/or discussions, and transcripts and notes of any such meetings and/or discussions) sent or received by the following EPA offices:

i. the Office of the Administrator;
ii. the Office of Environmental Information;
iii. the Office of General Counsel;
iv. the Office of Inspector General;
v. the Office of International and Tribal Affairs;
vi. the Office of Research and Development;
vii. Region 1;
viii. Region 2;
ix. Region 3;
x. Region 4;
xi. Region 5;
xii. Region 6;
xiii. Region 7;
xiv. Region 8;
xv. Region 9; or
xvi. Region 10.

(including receipt by carbon copy or blind carbon copy), regarding the Subject including, but not limited to, documents sent by or received from individuals

> representing or employed by the Interested Organizations or Other Organizations.

February 6, 2013 FOIA request, attached as Exhibit 1 to plaintiffs' Complaint for Injunctive and Declaratory Relief, at 1-3.[3] Within their FOIA request, plaintiffs also sought a fee waiver from the EPA pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

On February 22, 2013, the EPA responded to plaintiffs' FOIA request by denying their fee waiver request for failure to meet the regulation's requirements for such a waiver. On March 15, 2013, plaintiffs appealed that decision. On May 31, 2013, the EPA responded to plaintiffs' appeal by determining that plaintiffs had not submitted a proper FOIA request, dismissing the appeal on that basis and finding the fee waiver issue moot.

On July 16, 2013, plaintiffs filed the instant action. Through this action, plaintiffs request the Court to order the EPA to immediately process their FOIA request, to conduct a thorough search for all responsive records, and to promptly disclose the requested records in their entirety and make copies available to plaintiffs and to enjoin the EPA from charging plaintiffs fees for the processing of their requests. The EPA now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss this action.

---

[3] Plaintiffs state that they seek this information out of their concern with the EPA's practice of settling with non-governmental entities on environmental regulatory enforcement issues that directly affect the States. Plaintiffs assert that because they are not parties to these cases and/or settlements, they have no ability to meaningfully participate in crafting these legally binding agreements, most of which ultimately require the States to enforce significant regulatory matters in a certain way. Plaintiffs contend that this directly results in minimizing the substantive role of the States in many energy, land use, and environmental regulatory programs in a manner that is contrary to the cooperative federalism structure set forth in federal law and the United States Constitution.

## II. Discussion

The EPA contends that this action should be dismissed because plaintiffs have not submitted a perfected FOIA request. Specifically, the EPA asserts that plaintiffs' document request does not comply with FOIA because it does not reasonably describe the records sought.

"An agency's obligations commence upon receipt of a valid request; failure to file a perfected request constitutes a failure to exhaust administrative remedies." *Dale v. Internal Revenue Serv.*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002). "This exhaustion requirement is a . . . 'jurisprudential doctrine' rather than a jurisdictional prerequisite; therefore, if a plaintiff's administrative remedies have not been exhausted, the matter is properly the subject of a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 60 (D.D.C. 2013) (internal quotations and citations omitted).

FOIA provides, in pertinent part:

> each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

5 U.S.C. § 552(a)(3)(A). Records are reasonably described if the description "enable[s] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978) (internal quotations and citation omitted). "Although courts have been wary to prohibit this requirement from becoming a loophole through which federal agencies can deny the public access to legitimate information, it has been held that broad, sweeping requests lacking specificity are not permissible." *Id.*

Having carefully reviewed the parties' submissions, and particularly having reviewed plaintiffs' FOIA request which was attached to plaintiffs' Complaint for Injunctive and Declaratory Relief, the Court finds that plaintiffs' FOIA request does not reasonably describe the records requested such that a professional employee of the EPA who is familiar with the subject area of the request is able to locate the records with a reasonable amount of effort. First, while plaintiffs define "Interested Organizations" as any one of a list of 17 organizations, plaintiffs also seek documents relating to any consideration, proposal or discussion with "any other non-governmental organization, including citizen organizations, whose purpose or interest may include environmental or natural resource advocacy and policy" ("Other Organizations") and documents regarding the Subject sent by or received from individuals representing or employed by Other Organizations. The inclusion of "Other Organizations" makes the FOIA request clearly overbroad and does not reasonably describe the records sought; it effectively reincorporates the list of 80 organizations submitted in plaintiffs' first FOIA request to the EPA, as well as potentially numerous other unnamed and amorphous other organizations. The Court finds that a professional employee making a reasonable effort would have no idea how to locate the records plaintiffs seek as plaintiffs' definition of "Other Organizations" would require the EPA to search for and determine the organizational mission of any non-governmental organization that may have communicated with the EPA regarding topics under the CAA.

Second, in their FOIA request, plaintiffs seek "any and all documents" that "discuss or in any way relates to" the three categories in part (a) of the request. Based upon this broad, vague language, the Court finds that plaintiffs have not reasonably described the records sought. A professional employee of the EPA would have to try to determine whether the communications

contained in the documents "discuss" or in any way "relates" to the three topics in part (a) of plaintiffs' FOIA request. "Indeed, since the requests asked for 'all' records that 'relate to' each subject area, they were inevitably subject to criticism as overbroad since life, like law, is a seamless web, and all documents 'relate' to all others in some remote fashion." *Freedom Watch*, 925 F. Supp. 2d at 61 (internal quotations and citation omitted).

Third, in their FOIA request, plaintiffs seek documents that discuss or in any way relate to any consideration, proposal, or discussions with any Interested Organization or Other Organizations concerning the scope and application of the EPA Administrator's non-discretionary duty to take "certain actions" under the CAA. The term "certain actions" is not defined or limited in any manner, and a professional EPA employee would be left to guess which of the hundreds of actions that the Administrator has a non-discretionary duty to perform plaintiffs are actually interested in and, thus, which documents are being sought through the FOIA request are not reasonably described.

Because plaintiffs' FOIA request does not reasonably describe the records requested, the Court finds that plaintiffs did not submit a valid FOIA request to the EPA. Further, because plaintiffs did not submit a valid FOIA request, the Court finds that plaintiffs failed to exhaust administrative remedies. Finally, because plaintiffs failed to exhaust administrative remedies, the Court finds that this action should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Although the Court has found that plaintiffs did not submit a valid FOIA request, the Court is making no determination regarding plaintiffs' ultimate entitlement to the documents they are seeking. The Court fully believes that if plaintiffs work with the EPA and the EPA works with plaintiffs, plaintiffs will be able to submit a FOIA request that reasonably describes the records

requested and that will not be burdensome on the EPA. The Court would further note that any lack of cooperation by either plaintiffs or the EPA will not be viewed favorably by this Court, or any other court, if any future FOIA request becomes the subject of litigation.

Finally, in their Complaint for Injunctive and Declaratory Relief, plaintiffs also challenge the EPA's denial of their fee waiver request. Because this Court has found that plaintiffs' FOIA request was not valid, the Court finds that the EPA's denial of plaintiffs' fee waiver request is now moot. Alternatively, because the EPA determined that plaintiffs' appeal of the denial of their fee waiver request was moot, the Court finds that plaintiffs have failed to exhaust their administrative remedies on this issue. The Court, therefore, finds that plaintiffs' claim regarding the denial of their fee waiver request should be dismissed.

## III. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the EPA's Motion to Dismiss [docket no. 18] and DISMISSES this action.

**IT IS SO ORDERED this 18th day of December, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE